## PEOPLE *v.* ROBINSON.

1. CRIMINAL LAW—NEGLIGENT HOMICIDE—NEGLIGENCE—MOTOR VEHICLES—DRIVING WHILE SLEEPY.
   One who undertakes to drive motor vehicle on highway while physically weary and sleepy from his own voluntary acts is guilty of negligence within meaning of negligent homicide statute (3 Comp. Laws 1929, §§ 16743–16745).

2. SAME—TRIAL—INSTRUCTIONS.
   In prosecution for negligent homicide under 3 Comp. Laws 1929, §§ 16743–16745, based on death from collision of passenger in defendant's automobile, request to charge that defendant should not be found guilty if collision occurred while he was asleep due to fatigue and weariness, was properly rejected.

3. EVIDENCE—JUDICIAL NOTICE—MOTOR VEHICLES.
   Danger of driving automobile on highway by one not in possession of his faculties is matter of common knowledge.

4. CRIMINAL LAW—MISCARRIAGE OF JUSTICE—APPEAL AND ERROR.
   Where defendant's own testimony shows that in his conviction of negligent homicide there was no miscarriage of justice, assign-

---

Negligence of person operating automobile while intoxicated, see annotation in L. R. A. 1917A, 313.
Driving automobile while intoxicated as substantive criminal offense, see annotation in 42 A. L. R. 1498; 49 A. L. R. 1392.

ments of error relating to admission and rejection of testimony and to charge of court, *held,* not prejudicial, although they have some merit and under other circumstances might require reversal.

5. Same—Costs as Condition of Probation.
Costs imposed as condition of probation under criminal code (3' Comp. Laws 1929, § 17373) are not governed' by rules for taxation of costs imposed as part of sentence, but they may be summarily fixed at amount sufficient to reimburse county for all expenses incurred in connection with apprehension, examination, trial, and probationary oversight of probationer.

6. Same—Excessive Costs.
Costs of $200 imposed as condition of defendant's probation under criminal code (3 Comp. Laws 1929, § 17373) after conviction of negligent homicide (sections 16743–16745) are not excessive.

7. Same—Probation Substitute for Imprisonment—Sentence.
Probation ᐧis substitute for imprisonment; being conditional suspension of sentence.

8. Same—Conditions of Probation May be Altered.
Conditions of probation may be altered or amended at court's discretion.

9. Same—Probation—Imprisonment—Sentence.
Where convicted person is placed on probation, imprisonment may not be imposed until probation is revoked or terminated.
Wiest and Potter, JJ., dissenting in part.

Error to Allegan; Miles (Fred T.), J. Submitted January 15, 1931. (Docket No. 150, Calendar No. 35,226.) Decided February 27, 1931.

Maurice Robinson was convicted of negligent homicide. Conviction affirmed, and case remanded for proper judgment.

*W. J. Barnard,* for appellant.

*Paul W. Voorhies,* Attorney General, and *Harry Pell,* Prosecuting Attorney, for the people.

McDONALD, J. The defendant was convicted on a charge of negligent homicide arising out of the operation of an automobile upon a public highway in such a manner as to cause the death of one John Hanold.

The people's testimony tends to show that on the evening of May 17, 1929, the defendant, in company with John Hanold and another young man, attended a dance near Benton Harbor, Michigan, where they remained until two o'clock in the morning. While there they drank some beer. The defendant says he had about three glasses. When the dance was over they drove to Muskegon. There they loitered about visiting friends until four o'clock in the afternoon, when they started for home. They drank beer before leaving. On the way home defendant was driving. He got on the wrong side of the road and collided with a car approaching from the opposite direction. In the collision John Hanold was killed.

The theory of the defense is expressed in the following request to charge:

"You are instructed that if the respondent, Maurice Robinson, was tired, worn out, and lost consciousness by falling suddenly to sleep and the impact or collision occurred in consequence thereof, then your verdict should be not guilty in this case. You are instructed in view of the previous language that the negligent homicide statute (3 Comp. Laws 1929, §§ 16743–16745) is predicated on negligence; or, in other words, a failure to use care and caution that the ordinary prudent man would use and that where the cause was brought about by the respondent's falling to sleep on account of being worn out and weariness and in consequence thereof suddenly falls asleep, then there can be no negligence within the meaning of the negligent homicide statute, and your verdict should be not guilty. In other words, if the

sole proximate cause of the collision in this case was caused by the respondent being worn out, fatigued and losing consciousness by falling asleep, then there is no criminal negligence."

This request is not a correct statement of the law in regard to the negligence of one falling asleep while driving an automobile. He may not always be chargeable with negligence for what he does while asleep, but the rule is different where he voluntarily puts himself in such a physical condition that he cannot stay awake. The danger of driving an automobile on the highways by one who is not in possession of his faculties is a matter of common knowledge. This defendant knew that he had been going without sleep, that he had been drinking that which would disturb his faculties, and that he was not in a fit condition to drive a car. An ordinarily prudent man would have known it. An ordinarily prudent man would have known that this or some other accident would probably happen while driving in that condition. So, under the circumstances as shown by his own evidence, the defendant was negligent in falling asleep. He was negligent in trying to drive a car when a man of ordinary prudence would have known it was not safe for him to do so. It was negligent for him to drive when he was weary and sleepy. It was his duty to stop driving until he had overcome his weariness and regained control of his faculties. The court did not err in refusing to submit the defendant's theory on the question of negligence. The evidence sustains the jury's finding.

Those assignments of error relating to the admission and rejection of evidence and to the charge of the court do not require discussion. Some of them have merit and might require reversal were it not that the material facts which the jury were called

upon to determine are not seriously disputed. The defendant's testimony alone shows that in his conviction there was no miscarriage of justice. None of the alleged errors was prejudicial.

The remaining question relates to the following condition of probation:

"Seventh—that the respondent shall pay costs of $200 and serve 60 days in the county jail."

The defendant claims that the court was without authority to tax any greater amount of costs than are taxable in ordinary criminal cases, citing *People v. Wallace,* 245 Mich. 310. But these costs are imposed as a condition of probation and are not governed by the rules for the taxation of costs imposed as a part of sentence. In the new criminal code, section 3, chap. 11, Act No. 175, Pub. Acts 1927 (3 Comp. Laws 1929, § 17373), it is provided that if the court, in fixing the conditions of probation, requires the probationer to pay costs, they may be summarily fixed at an amount sufficient to reimburse the county for all expenses incurred in connection with the "apprehension, examination, trial and probationary oversight of the probationer."

The costs imposed in this case are authorized by the above section of the code and are not excessive. But the court was wrong in requiring the defendant to serve 60 days in jail as a condition of probation. Probation is a substitute for imprisonment. It is a conditional suspension of sentence. It is applied on the theory that, if allowed to retain his liberty and be at large among the people under certain regulations and supervision, the convicted person will not engage in a criminal course of conduct. The court entered an order placing the defendant on probation. Imprisonment cannot be imposed until the

probation is revoked or terminated. The statute provides that the conditions of probation may be altered or amended at the court's discretion.

The judgment of conviction is affirmed, and the case remanded with directions to enter proper judgment.

BUTZEL, C. J., and CLARK, SHARPE, NORTH, and FEAD, JJ., concurred with McDONALD, J.

WIEST, J. (*concurring in affirmance in part*). I concur in affirmance of the conviction, but think the amount of costs, imposed in the order of probation, not justified by the provision of the criminal code.

The expense of arrest, costs of examination before the magistrate, and costs of the trial may be summarily estimated and imposed, but there may not be included "coroner's fees, per diem compensation of the jurors and subsistence of the prisoner," as mentioned in the prosecutor's brief. If such items are included we will have a new meaning for the term "costs." Expenses of the established judicial system cannot be taxed as costs incident to any trial; neither may the board and lodging of a prisoner while awaiting trial.

In *People* v. *Wallace,* 245 Mich. 310, and again in *People* v. *Davis,* 247 Mich. 672, we held that costs in criminal cases must bear a true relation to the expense of prosecution. This still holds good, and costs are expenses incident to a prosecution, and not inclusive of any of the expenses of holding required terms of the circuit court.

The costs should be redetermined in accord with this opinion.

POTTER, J., concurred with WIEST, J.