**COMMONWEALTH of Kentucky, Appellant,**

v.

**Kenneth BALLINGER, Appellee.**

Court of Appeals of Kentucky.

March 10, 1967.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, James S. Chenault, Richmond, Marcus C. Redwine, Commonwealth Atty., Winchester, for appellant.

Guy K. Duerson, Jr., Berea, for appellee.

CLAY, Commissioner.

This case presents the novel question of whether a circuit court may, as a form of probation, remit a fine imposed by a jury on a verdict of guilty to a misdemeanor charge. The Commonwealth seeks a certification of the law on appeal from the judgment entered.

Appellee was tried for unlawfully detaining a female against her will. The jury

found him guilty of assault and battery and fixed his penalty at a fine of $1200.

The pertinent part of the judgment entered on this verdict is as follows:

"It is adjudged that the defendant is guilty as charged and convicted, and is hereby fined the sum of twelve hundred dollars ($1200.00); and it further appearing that the defendant having heretofore made motion for probation and suspension of the fine, it is hereby adjudged that said fine be and the same is hereby probated and suspended in full."

It is the contention of the Commonwealth that the circuit court lacked authority to enter so much of this judgment as effectively remitted the fine in the guise of probation. We agree.

The only source of power to enter such a judgment inheres in the statutory provisions relating to probation of convicted defendants. (KRS 439.260 to KRS 439.-300.) The significant provisions of these statutes are:

KRS 439.260:

"(1) A circuit court, subject to the provisions and conditions provided in KRS 439.250 to 439.560, may postpone the entering of a judgment and the imposing of sentence and place the defendant on probation. This order shall only be made on motion of such defendant."

"(2) A judgment of a circuit court convicting a person for a criminal offense pursuant to a verdict of a jury shall be a final judgment from which an appeal may be prosecuted but the court on motion of the defendant may withhold issuing separately or incorporating in such judgment a directive that the defendant be taken by the chief law enforcement officer of the county to the penitentiary, there to be confined for the period set forth in the judgment."

"(4) In placing any defendant on probation, the court shall direct that such defendant be under the supervision of the Division of Probation and Parole."

KRS 439.270:

"(1) The period of probation shall be fixed by the court and at any time may be extended or shortened by the court by order duly entered. * * *."

■ It may be observed that even if these statutes confer authority upon circuit courts to place on probation a defendant whose sentence could be only the payment of a fine, there was a rather substantial failure to comply therewith. For example, KRS 439.260(1) authorizes the court to postpone the entering of judgment and the imposing of sentence, which was not done. That subsection also provides that the court may "place the *defendant* on probation". (Emphasis added.) There is just no such thing as the probation of a *fine*. Additionally, subsection (4) of KRS 439.260 requires the court to place the defendant under the supervision of the Division of Probation and Parole. This the judgment did not do.

To the extent the judgment before us remitted a fine, the circuit court improperly assumed executive authority vested in the Governor by section 77 of the Kentucky Constitution.

Another question which has been somewhat obliquely raised in this proceeding merits comment. It concerns the *power* of a circuit court to invoke probationary procedure where the sentence to be imposed is the payment of a fine. The statute does not define probation, and it could be argued that it means a substituted sentence of controlled liberty in lieu of *imprisonment*. See Webster's New International Dictionary, Second Edition; Herlands', "When and How Should a Sentencing Judge Use Probation", 35 F.R.D. 487, 492; Lovelace v. Commonwealth, 285 Ky. 326, 147 S.W.2d 1029, 1033; United States v. Murray, 275 U.S. 347, 357, 48 S.Ct. 146, 149, 72 L.Ed.

**578**

309 (1928); and People v. Robinson, 253 Mich. 507, 235 N.W. 236, 237.

■ However, KRS 439.260(1) refers to "imposing of sentence". A "sentence" may be either a fine or imprisonment, or both. Since the governing statutes do not limit probation to those cases where the punishment is imprisonment, we believe the procedure may be invoked when the punishment is the imposition of a fine.

■ There are several reasons for this. A substantial fine might well constitute as serious a punishment as the serving of a prison sentence. Also, a person unable to pay a fine may be subject to imprisonment under KRS 431.140, KRS 441.180 and KRS 441.190. It would be an anomalous situation if an indigent who could be sentenced to imprisonment might merit probation, whereas if the sentence were a fine (which he could not pay) he could not avoid imprisonment.

Furthermore, under KRS 439.550 inferior courts are authorized to place defendants on probation. In many inferior courts the normal sentence would be the payment of a fine, and this statute apparently contemplates the possibility of probation where such a sentence could be imposed.

Finally, considering the salutary purpose of probation, there appears no sound reason why a person convicted of a crime for which the sentence is a fine should not be relieved of satisfying it, under proper conditions, the same as a person may be relieved of serving a prison sentence.

In our opinion the circuit court could have placed the appellee on probation even though his sentence would be only the imposition of a fine, but as above discussed, the judgment entered did not comply with the provisions of the applicable statutes. The law is so certified.

All concur.