No. 12250

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

THE STATE OF MONTANA ex rel
BRIAN EDWARD WOODBURY,

Relator,

-vs -

THE DISTRICT COURT OF THE THIRTEENTH
JUDICIAL DISTRICT OF THE STATE OF MONTANA,

Respondent.

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

John L. Adams argued, Billings, Montana.

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana.
David V. Gliko, Assistant Attorney General, argued,
Helena, Montana.
Harold F. Hanser, County Attorney, argued, Billings,
Montana.

Submitted: April 10, 1972

Decided: APR 13 1972

Filed: APR 13 1972

Thomas J. Kearney
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an original proceeding seeking a post-conviction hearing under the terms of section 95-2601, R.C.M. 1947, by a defendant who claims sentence was imposed in violation of the laws of this state and seeks correction of that sentence.

Defendant, relator here, on March 1, 1972, was convicted in the district court of the thirteenth judicial district, county of Yellowstone, of the crime of criminal sale of dangerous drugs. Such conviction arose out of the entry of a guilty plea to the charge by the defendant. The court ordered the imposition of sentence upon defendant be stayed for a period of two years upon a condition that defendant shall serve a term of thirty days in the Yellowstone county jail; the jail sentence to begin February 21, 1972.

Defendant contends the court is without jurisdiction to impose the condition of service of time in the Yellowstone county jail based on the decision of this Court in State v. Drew, _____ Mont._____, 490 P.2d 230, 28 St.Rep.930, decided November 3, 1971.

Brian Woodbury, eighteen years of age, on January 21, 1972 was charged by Information in the district court of the thirteenth judicial district, county of Yellowstone, with the crime of criminal sale of dangerous drugs alleged to have been committed on January 15, 1972; that he sold certain dangerous drugs, to-wit: Lysergic acid diethylamide (LSD). Counsel was appointed for defendant and bond set at $500.

On January 24, 1972, defendant appeared in court with his appointed counsel, Michael J. Whalen, and entered a plea of not

guilty. The bond was continued with the restriction that if defendant posted bond, he would be subject to certain restrictive scheduling by the school authorities of School District No. 2. He was released on bond subject to the conditions which he signed on January 28, 1972. On February 4, 1972, the case was set for trial March 7, 1972. On March 1, 1972, defendant appeared in court with his counsel John L. Adams, Jr., and withdrew his plea and entered a guilty plea, at which time the sentence now in issue was imposed.

The facts relating to this charge are: On January 15, 1972, the Billings Police Department received telephone calls from two parents in Billings to the effect that they thought their daughters had on the previous night taken some type of drug. One of the girls was placed in the psychiatric ward at Billings Deaconess Hospital. It was subsequently ascertained that both girls had taken LSD, which had been put in Kool-Aid. They stated they had purchased the LSD from defendant. On being questioned by the Billings Police Department, defendant admitted the sale of the LSD to the two teen-age girls and also furnished the police with three additional "hits" of LSD that he had cached in a snowbank near his house. This information was available to the court at the time sentence was pronounced. This defendant is presently under charge of six felony counts for criminal sale of dangerous drugs which includes LSD, Marijuana, Crystal-Math and Heroin. This charge arose almost immediately after the conviction here, that is, on March 17, 1972.

Upon the guilty plea, the court stayed the imposition of sentence for a period of two years and in addition to seven general conditions imposed in that jurisdiction, an additional one was

added---that the defendant would serve a term of thirty days in the Yellowstone county jail.

The issue here involved is whether the trial court can impose conditions on a deferred imposition of sentence under the terms of the Montana Dangerous Drug Act; more particularly, whether those conditions can include a period of time in a county jail.

In State v. Drew, _____Mont._____, 490 P.2d 230, 28 St.Rep. 930, 932, we said:

> "The only remaining issue for review is whether a six month imprisonment is proper under the presumption of entitlement to a deferred imposition of sentence, directed by section 54-133(c), R.C.M. 1947. We think not.
>
> "The state's principal argument is that section 95-2206, R.C.M. 1947, Montana's sentencing statute, provides:
> "'SENTENCE. Whenever any person has been found guilty of a crime or offense upon a verdict or plea the court may impose any of the following sentences:
>
> "'(1) Release the defendant on probation;
>
> "'(2) Defer the imposition of sentence for a period not to exceed three (3) years;
>
> "'(3) Suspend the execution of the sentence up to the maximum sentence allowed for the particular offense. However, if any restrictions or conditions are violated, any elapsed time shall not be a credit against the sentence, unless the court shall otherwise order.
>
> "'(4) Impose a fine as provided by law for the offense;
>
> "'(5) Commit the defendant to a correctional institution with or without a fine as provided by law for the offense;
>
> "'(6) Impose any combination of the above. The court may also impose any restrictions or conditions on the above sentence which it deems necessary.'

- 4 -

"The state argues that section 95-2206 read literally authorized the combination of a _deferred sentence_ and a _jail term_. The defect in this argument lies in the one fact which has been overlooked. Here, we are considering the sentencing mandate of a special statute under the Dangerous Drug Act, section 54-133(c), R.C.M. 1947. Under this Act, once the presumption provided for in section 54-133(c) has been found by the trial judge not to have been overcome (State v. Simtob, 154 Mont. 286, 462 P.2d 873; Campus v. State, ____Mont.____, 483 P.2d 275, 28 St. Rep. 339), then the court's discretion is limited by this Act to defer the imposition of sentence as provided under section 95-2206(2), R.C.M. 1947. We have other examples of special provisions which limit the court's sentencing discretion such as section 94-2505, R.C.M. 1947, which provides the mandatory penalty for murder in the first degree. However, in all cases when there are no special sentencing provisions the wide discretion of section 95-2206, R.C.M. 1947, applies.

"The state further argues with citations on 'suspended sentences', that the _purpose_ of 'suspended' and 'deferred' is not dissimilar and conditions of _probation_ can be attached. This is true but not in point with the issue presented in this appeal.

"For clarity: Where the defendant is granted a suspended sentence, sentence is imposed and execution of the sentence is suspended in whole or in part up to the maximum time of sentence allowed by law and the defendant can be released on probation during the time interval with the conditions of probation imposed by the court. Where the defendant is granted deferred imposition of sentence as directed by section 54-133(c), R.C.M. 1947, it contemplates that the verdict or plea will be taken and the imposition of sentence deferred, or if you prefer, stayed, for a period not to exceed three years. The court can impose conditions of probation during this time of deferment which are not in contradiction to a stay of sentence or deferred sentence. This then means defendant will not be sentenced,which includes a sentence to a term in jail. At the termination of the time of deferment or stayed imposition, section 95-2207, R.C.M. 1947, authorizes the court to accept a plea withdrawal or to strike the verdict of guilty and order the charge dismissed.

"The passage of section 95-2207, R.C.M. 1947, demonstrates the intent of the legislature in regard to deferred imposition of sentence. If sentence were imposed or executed in any part, then the end advantage to the entire concept of the deferred sentence could not be attained and section 95-2207 would become inoperative.

- 5 -

"Accordingly, the judgment and sentence of the trial court is vacated and this cause remanded to the trial court with instructions to enter judgment and deferred sentence not inconsistent with the statutes controlling or this opinion." (Emphasis supplied)

Taken literally, the foregoing quote in the underlined portions appears to be on "all fours". However, this Court wishes to clarify the holding.

In Drew, the complete flexibility of the powers of the sentencing judge were first referred to under section 95-2206, R.C.M. 1947; then the Court held that, under the proper circumstance, a district judge could not exercise his broad, flexible sentencing powers since he was statutorily restricted to ordering a deferred imposition of sentence for a first offender twenty-one years old or younger, with no adverse record, and convicted under the Montana Dangerous Drug Act. Under that rationale, with the circumstances of the instant case, a sentencing judge would be limited to the scope of a "deferred imposition of sentence". The question is: Does the concept of a "deferred imposition of sentence" allow a period of incarceration in jail to be ordered as a condition thereof?

The Drew decision makes this statement, as heretofore quoted, "The court can impose conditions of probation during this time of deferment which are not in contradiction to a stay of sentence or deferred sentence." So, "conditions of probation" are allowed.

Examples of making a jail term a condition of probation which are not considered a part of a "sentence" can be found in numerous California cases. Ex parte Webber, 95 Cal.App.2d 183, 212 P.2d 540,541; Ex parte Goetz, 46 Cal.App.2d 848, 117 P.2d 47,49; Ex parte Martin, 82 Cal.App.2d 16, 185 P.2d 645,649. A quotation

- 6 -

from an early California case, People v. Wallach, 8 Cal.App.2d 129, 47 P.2d 1071, 1072, is in point:

> "The fact that the defendant spent the first 30 days of her probationary period in the county jail does not amount to her having served a term of imprisonment in a penal institution. That period of detention was imposed not as a sentence but as a condition of probation, and the granting of probation suspended the execution of the 90-day sentence previously imposed. It cannot be said that the 30 days spent by the defendant in the county jail was served under the sentence, where that sentence had been suspended by the probation order."

These Californa cases deal with a "suspended sentence"; however, the purposes of a "suspended sentence" and a "deferred sentence" are not dissimilar. The "suspended sentence" merely prevents a defendant from being exposed to an influential criminal element by incarceration in prison. A "deferred sentence" accomplishes the same thing, but grants a defendant the additional benefit of leaving no record of any criminal conviction. Limited incarceration in a county jail as a condition to a "deferred sentence" does not defeat the purpose of this type of sentencing power.

This Court in In re Petition of Williams, 145 Mont. 45, 56,57,58, 399 P.2d 732, discussing a "suspended imposition of sentence" under old section 94-7832, R.C.M.1947, said:

> "It is true that the order of August 22 provides that petitioner shall be 'jail-based' and refers to petitioner as a 'prisoner'. These descriptive terms are, perhaps, an unfortunate choice of language but in any event the substance of the order, not its form nor its descriptive terminology, determines its effect and meaning. And the substance of the order is readily apparent---to withhold sentence and punishment of petitioner for the crime of grand larceny and to place petitioner on probation subject to terms and conditions reasonably calculated to subserve the purpose sought to be accomplished, namely, the rehabilitation of an alcoholic.

"The fact that one of the terms of probation required petitioner to be 'jail-based' in the county jail does not transform a probationary rule into a term of imprisonment. That it is a probationary rule is readily determinable by other provisions in the order of August 22 permitting petitioner to have employment outside the county jail, absolving the sheriff from liability in permitting petitioner to be absent from his custody without bail, and containing a requirement that petitioner pay his own board at the jail from his earnings. The similarity of these provisions to some of the provisions contained in the statute relating to convicted misdemeanants serving county jail sentences (Sec. 94-7835 et seq. R.C.M. 1947) likewise does not convert a condition of probation into a term of imprisonment. The conditions of probation here were simply devised and tailored to promote the rehabilitation of an alcoholic as an alternative to sentencing him and punishing him for the crime of grand larceny. These probationary provisions furnished him a place to eat and sleep regularly whether employed or unemployed, permitted him to seek and secure gainful employment if able to do so, required him to pay for his own board out of any earnings he received from gainful employment, limited his spending money from his earnings and preserved the balance for his future use, and provided for reasonably close supervision over him and his activities during his idle hours.

"The use of the county jail as the facility and the use of the sheriff and his deputies as the personnel to promote the alcoholism rehabilitation program as conceived by the Judge does not convert his order into a sentence of imprisonment nor constitute imprisonment of petitioner. The Judge simply made use of existing local facilities and personnel that met the requirements of his rehabilitation program for alcoholics. The County jail was not used as a jail at all but as a facility for the supervision and control of an alcoholic during the rehabilitation process. Expressing this basic distinction are these immortal words which, although spoken under somewhat different circumstances and from different motives, are equally appropriate here---'Stone walls do not a prison make, nor iron bars a cage'. (To Althea from Prison by Richard Lovelace.)

"Under the facts and circumstances of this case, the conditions of probation contained in the order of August 22 are reasonable conditions reasonably related to a lawful purpose and objective of probation, i.e., the rehabilitation of an alcoholic. As such they are valid and lawful conditions of probation.

"Neither was there any finality to the order of August 22 which is an essential element of a sentence.

Among other things, this order provides that 'upon the completion of one year of successful probation, the defendant may apply to this court for such other order herein as may be just and equitable'; the order also authorizes any peace officer to apprehend petitioner if he should violate his probation, and if such violation is established after hearing, to sentence defendant on the original charge. Thus further proceedings were contemplated in any event irrespective of whether petitioner subsequently adhered to the provisions of probation or violated them."

In Drew, it would appear that the court sentenced Drew (1) to a sentence of confinement in the county jail in Bozeman for one year, and (2) that he was to serve six months of the sentence and be allowed to attend classes at Montana State University; that he serve the remainder of the six months after school, in the county jail; and that he be released from the county jail after six months under delayed imposition of sentence with the remainder of his one year term.

It would appear that the district judge in Drew actually imposed a sentence and deferred the imposition of part of that sentence. There is a valid distinction under the law in granting a deferred imposition upon conditions, rather than imposing a jail sentence with conditions.

There is a substantial difference in the sentences imposed in Drew and the instant case. If service of a reasonable time in the county jail cannot be imposed as a condition under a deferred imposition of sentence in dealing with a drug offense, the necessary question is raised as to whether or not any conditions can be imposed under such a deferred imposition of sentence. We hold that such conditions, reasonable in relation to a lawful purpose and objective of probation, may be imposed. The fundamental distinction between the deferred imposition of sentence

and any other type of sentence imposed by the court is that a defendant can, at the expiration of the deferred time, come into court and move the court to withdraw his plea previously entered, and if he has fulfilled the conditions and obligations, have the guilty plea withdrawn and the record expunged of any conviction.

Drew is distinguishable on its facts as we have shown; and to the extent that our language therein is in conflict with what is herein stated, it is clarified.

Accordingly, the writ applied for herein is denied.

_Wesley Castles_
Associate Justice

We concur:

_____
Chief Justice

_____

_____

_____
Associate Justices

- 10 -