PIERCE, Chief Judge
(concurring specially) .
I concur in the decision to reverse the order appealed, but on a different ground than that expressed by the majority opinion. I think the essential question is whether or not the trial Judge had authori *555 ty to impose intermittent jail confinement as a condition of probation.
Probation is purely a statutory creation and can only be exercised in accordance with the provisions of the statute. Archer v. Snook, 5th Cir. 1926, 10 F.2d 567; State v. Van Meter, 7 Ariz.App. 422, 1968, 440 P.2d 58; People v. Ledford, 173 Colo. 194, 1970, 477 P.2d 374.
Some states, including California, Delaware, New York, Michigan, Illinois and Idaho, have each enacted statutes authorizing probation with jail confinement as a condition. Also, in 1958 the federal probation statute was amended to allow for probation with confinement as a condition under special circumstances. Without such statutory authority, Courts in other jurisdictions have consistently held that imposition of confinement cannot be made a condition of probation. Van Meter, supra; Ledford, supra; People v. Robinson, 253 Mich. 507, 1931, 235 N.W. 236 (decision rendered prior to the legislative amendment to provide imprisonment in the county jail as a condition of probation. See People v. Sarnoff, 302 Mich. 266, 1942, 4 N.W.2d 544); 24 C.J.S., Criminal Law, § 1571(8), p. 475.
Florida’s probation statute, F.S. Chapter 948 F.S.A., does not contain authorization to impose confinement as a condition of probation. F.S. § 948.01(4) F.S.A. provides that the Court may impose a portion of a sentence to be served in the county jail and withhold the imposition of the remainder of the sentence, directing that the defendant be placed upon probation after serving such period as may be imposed by the Court. This section, however, is not applicable to a case where the imposition of the entire sentence is withheld and the defendant placed upon probation.
F.S. § 948.03 F.S.A. sets forth the general terms and conditions of probation and provides that the Court may add such other or others as it considers proper. Jail confinement is a very unusual condition of probation. If the legislature intended that confinement be a condition of probation, then it should, and probably would, have been enumerated among the specific terms and conditions, and not left to the Courts to read it into the present statute. I would recede from anything to the contrary expressed in State v. Williams, Fla.App.1970, 237 So.2d 69.
Appellant further contends that the payment of $40.00 per week for the support of his stepchildren and true child is disguised as a fine. This contention has no merit. F.S. § 948.03 F.S.A. specifically provides that the Court may include among the terms and conditions of probation the provision that the probationer shall support his legal dependents to the best of his ability.