212 N.W.2d 565 (1973)
190 Neb. 755
STATE of Nebraska, Appellee,
v.
Norman Wesley NUSS, Appellant.
No. 38985.
Supreme Court of Nebraska.
November 23, 1973.
Leo M. Bayer, Alliance, for appellant.
Clarence A. H. Meyer, Atty. Gen., Betsy G. Berger, Asst. Atty. Gen., Lincoln, for appellee.
Heard before WHITE, C. J., and SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON and CLINTON, JJ.
McCOWN, Justice.
The defendant pleaded guilty to a charge of burglary and was placed on probation for a period of 3 years. One of the conditions of probation required that he serve 14 days in the county jail. Another condition was that he should not possess any firearm. He served the jail term. Some 4 months later he was charged with violation of his probation for possession of a firearm. He pleaded guilty to that violation. The order of probation was thereupon set aside and the defendant was sentenced to the Division of Corrections for a period of not less than 1 year nor more than 3 years, with credit allowed for the 14 days served in jail. The defendant has appealed challenging the imposition of a jail sentence as a condition of probation.
*566 The 18-year-old defendant was a high school graduate. The burglary here was his first felony offense. He was placed on probation on August 25, 1972, following a conviction under section 28-532, R.R.S. 1943. Conviction for this offense "shall be punished by imprisonment in the Nebraska Penal and Correctional Complex not more than ten years nor less than one year, or by a fine not exceeding five hundred dollars, or imprisonment in the jail of the county not exceeding six months." § 28-532, R.R.S.1943.
The defendant contends that although a 14-day jail sentence can be lawfully imposed for the offense of burglary under section 28-532, R.R.S.1943, the court cannot impose a jail sentence as a condition of probation. The State contends that a jail sentence as a condition of probation is authorized under the provisions of section 29-2262, R.S.Supp., 1972.
That statute provides:
"(1) When a court sentences an offender to probation, it shall attach such reasonable conditions as it deems necessary or likely to insure that the offender will lead a law-abiding life.
"(2) The court, as a condition of its sentence, may require the offender:
"(a) To refrain from unlawful conduct;
"(b) To meet his family responsibilities;
"(c) To devote himself to a specific employment or occupation;
"(d) To undergo medical or psychiatric treatment and to enter and remain in a specified institution for that purpose;
"(e) To pursue a prescribed secular course of study or vocational training;
"(f) To attend or reside in a facility established for the instruction, recreation or residence of persons on probation;
"(g) To refrain from frequenting unlawful or disreputable places or consorting with disreputable persons;
"(h) To have in his possession no firearm or other dangerous weapon unless granted written permission;
"(i) To make restitution of the fruits of his crime or to make such reparation as the court determines to be appropriate for the loss or damage caused thereby;
"(j) To remain within the jurisdiction of the court and to notify the court or the probation officer of any change in his address or his employment;
"(k) To report as directed to the court or a probation officer and to permit the officer to visit his home;
"(l) To pay a fine in one or more payments, as ordered; or
"(m) To satisfy any other conditions reasonably related to the rehabilitation of the offender." § 29-2262, R.S.Supp., 1972.
In the case before us, six of the specified conditions of probation stem directly from six of the twelve specific conditions authorized by the statute. The State contends that imprisonment is authorized under subsection (2)(m) as one of the "other conditions reasonably related to the rehabilitation of the offender."
The court sentenced the defendant to probation upon eight conditions, the second of which was: "(Y)ou shall serve a jail sentence of 14 days in the county jail of Box Butte County, Nebraska." The trial court indicated his concern that the defendant did not recognize the seriousness of what he had done and explained that the reason he was sentencing the defendant to a term of imprisonment as a condition of his probation was that he wanted the defendant to get a pretty good idea of what imprisonment was like; how frustrating, useless, and degrading it is; and to reflect upon what a 3 or 5 or 10-year *567 sentence would mean. Although the trial court's motivation was admirable, imprisonment as a condition of probation must rest on statutory authority.
Traditionally probation has been an alternative to imprisonment and the two sentencing alternatives have been treated as mutually exclusive in the absence of statute. An examination of the Nebraska statutes demonstrates that although the Legislature has now provided some conditions of probation which offer alternatives other than imprisonment or traditional probation, it has not authorized combining imprisonment and probation in the same sentence. That conclusion is reinforced on several grounds.
The Legislature authorized, as a condition of probation, that the defendant may be required to "attend or reside in a facility established for the instruction, recreation or residence of persons on probation." It did not extend the authorization to imprisonment. It is difficult to conceive of imprisonment as being a condition "reasonably related to rehabilitation," under subsection (2)(m) of section 29-2262, R.S. Supp., 1972. It is even more difficult to assume that the Legislature so considered it. The legislative intent to retain imprisonment on the one hand and probation on the other as mutually exclusive sentencing alternatives is obvious under the provisions of section 29-2260, R.S.Supp., 1972. Subsection (2) of that section directs that whenever a court considers sentence for an offender convicted of either a misdemeanor or a felony, the court may withhold sentence of imprisonment unless the court finds that imprisonment of the offender is necessary for protection of the public for specified reasons. Subsection (3) provides that a number of enumerated grounds, while not controlling the discretion of the court, shall be accorded weight in favor of withholding sentence of imprisonment. Subsection (4) of the section then demonstrates the legislative intent to maintain the separate sentencing alternatives by providing: "(4) When an offender who has been convicted of a crime is not sentenced to imprisonment, the court may sentence him to probation."
The two most common forms of punishment for a crime in this country have been of payment of a fine or the imposition of a period of imprisonment. Section 29-2262, R.S.Supp., 1972, specifically authorizes the court to require payment of a fine as a condition of probation, but makes no such provision with respect to imprisonment.
Prior to 1958, United States statutes expressly provided for a fine and probation but not for imprisonment and probation as an alternative to execution of a sentence. 18 U.S.C. § 3651, formerly § 724. Federal courts then held that courts could not impose a jail sentence as a condition of probation. As one federal court said: "The grant of express power to impose the lesser punishment, namely, the payment of a fine, excludes the power to impose the greater punishment, namely, the serving of a period of imprisonment, as a condition of probation." White v. Burke, 43 F.2d 329 (10th Cir., 1930).
Section 2.4, A.B.A. Standards Relating to Sentencing Alternatives and Procedures, recommends that attention should be directed to the development of a range of sentencing alternatives providing intermediate sanctions between probation on the one hand and commitment to a total custody institution on the other, and recommends, as one of the general principles which should apply to such sentences, that neither supervision, the power to revoke, nor the maximum length of time during which the offender should be subject to such a sentence should be permitted to extend beyond a legislatively fixed time. The commentary to the standard, at page 79, states: "There is considerable controversy over the subject of whether jail should ever be part of a program designed to concentrate mainly on probation. Some statutes specifically contemplate the possibility that jail may be desirable in such a *568 context. * * * Opposition to such a provision comes from many quarters."
Statutes of the United States and many states have granted specific authority for imposing various combinations of imprisonment and probation. See, 18 U.S.C. § 3651; for representative state citations, see, A.B.A. Standards Relating to Sentencing Alternatives and Procedures, pp. 75 to 79. Most of these are specific as to the type of cases in which such sanctions are authorized, as well as in placing limitations upon the nature and extent of the imprisonment authorized. The nature and scope of such sanctions are for determination by the Legislature. We hold that in the absence of statute the court has no power to impose a period of imprisonment as a condition of probation.
We also hold that where a sentence of imprisonment, imposed as a condition of probation, constitutes an authorized legal sentence for the crime for which the defendant stands convicted, and such sentence of imprisonment has been fully executed, the defendant is entitled to be discharged and may not be resentenced to a new term of imprisonment for that crime. See, McCormick v. State, 71 Neb. 505, 99 N.W. 237; Hickman v. Fenton, 120 Neb. 66, 231 N.W. 510.
Under section 28-532, R.R.S.1943, a 14-day jail sentence is an authorized legal sentence for the crime for which the defendant was convicted. The sentence having been fully executed, the defendant is entitled to discharge. However, the defendant is now subject to prosecution for the commission of any crime or crimes which formed the basis for the charge of probation violation here.
The sentence of imprisonment to the Division of Corrections of the Department of Public Institutions pronounced on February 9, 1973, is vacated and set aside and the cause remanded to the District Court with directions to discharge the defendant.
Reversed and remanded with directions.