The STATE of South Dakota, Plaintiff and Respondent,

v.

William MARSHALL, Defendant and Appellant.

No. 11940.

Supreme Court of South Dakota.

Dec. 3, 1976.

---

William Janklow, Atty. Gen., Pierre, for plaintiff and respondent.

Ronald G. Schmidt, Schmidt & Schroyer, P. C., Pierre, for defendant and appellant.

WINANS, Justice.

Defendant, William Marshall, pled guilty to embezzlement of public monies in violation of SDCL 3–16–4. He appeals from the order suspending imposition of sentence; one condition of that order was that defendant spend thirty (30) days in the state penitentiary. Defendant contends that imprisonment cannot be imposed as a condition of probation pursuant to a suspended imposition of sentence. We agree.

Defendant was charged by information with embezzlement of public funds from the municipal liquor store in Midland, South Dakota. After a preliminary hearing, he was held to answer in circuit court. He was arraigned on November 17, 1975 and pled guilty. A pre-sentence investigation was ordered at that time. On December 19, 1975 the trial judge entered an order suspending imposition of sentence pursuant to

SDCL 23–57–4. One of the conditions attached was that defendant had to serve thirty days in the state penitentiary. The order was later amended to include restitution of court appointed attorney fees as a condition of probation.

On January 5, 1976 defendant moved for revision of the order to have the prison term removed; he also sought to withdraw the plea of guilty. Both motions were denied by the court on March 17, 1976. Defendant filed notice of appeal on March 24, 1976.

Suspended imposition of sentence is authorized by SDCL 23–57–4, which provides:

"Upon receiving a verdict or plea of guilty in the case of any person never before convicted of a felony in this state for any offense not punishable by death or life imprisonment, the court having jurisdiction of the defendant, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may without entering a judgment of guilt, and with the consent of such person, suspend the imposition of sentence and place the defendant on probation for such period and upon such terms and conditions as the court may deem best, provided that the court may revoke the suspension at any time during the probationary period and impose and execute sentence without diminishment or credit for any of the probationary period. Upon proper showing of the observance of all conditions imposed the probationer may be discharged by the court and a formal entry of such discharge be filed with the clerk of courts of the county having jurisdiction of the offense. Discharge and dismissal under this section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime. Discharge and dismissal under this section may occur only once with respect to any person. Any discharge and dismissal under this section shall be reported to the division of criminal investigation pursuant to SDCL 23–5 and 23–6."

The language of the statute is broad. The part pertinent to this appeal allows the trial court to impose such terms and conditions of probation "as the court may deem best." The question before this court is whether this broad language permits a trial judge to prescribe incarceration as a condition of probation.

■ The power to suspend imposition of sentence is not a power inherent in the courts or legislature of this state. It is a power, which like that of suspended execution of sentence, had to be granted by constitutional amendment.[1] See *State ex rel. Conway v. Hughes*, 1934, 62 S.D. 579, 255 N.W. 800. When the legislature invested this power with the courts, it placed no explicit limitations on the conditions that may be imposed. In dealing with the precursor of SDCL 23–57–4 (SL 1931, ch. 126) we held the only implicit limitation on the power was that any condition imposed must be legal and reasonable. *Minnehaha County ex rel. Willadsen v. Willadsen*, 1943, 69 S.D. 412, 11 N.W.2d 55. We find that logic applicable to SDCL 23–57–4.

■ There is no doubt that probation pursuant to the statute is a matter of grace lying within the discretion of the trial judge. *State v. Elder*, 1959, 77 S.D. 540, 95 N.W.2d 592; *Application of Jerrel*, 1958, 77 S.D. 487, 93 N.W.2d 614. We have held that great flexibility is essential to accomplish the purposes of the statute. *State v. Long*, 1971, 85 S.D. 431, 185 N.W.2d 472. While the language of the statute is certainly broad enough to allow this court to find that imprisonment is a proper condition to attach to probation, we decline to do so. The question is one of public policy; the legislature is a more suitable forum for such matters.

There appears to be a wide variety of approaches among the various jurisdictions

---

1. The power to suspend execution of sentence was proposed in 1929, SL 1929, Ch. 83, and approved in 1930. S.D.Const. Art. V, § 39. In 1972 the power to suspend imposition of sentence was added. SL 1972, Ch. 2; S.D.Const. Art. V, § 5.

as to the proper solution to the problem at hand. Some courts have held that imprisonment as a condition of probation is proper under statutory language similar to SDCL 23–57–4. See *Franklin v. State*, 1964, 87 Idaho 291, 392 P.2d 552; *Tabor v. Maxwell*, 1963, 175 Ohio St. 373, 194 N.E.2d 856. Other courts were blessed with controlling statutes specifically authorizing incarceration. See *State v. Jones*, 1976, Fla., 327 So.2d 18; *Prue v. State*, 1974, 63 Wis.2d 109, 216 N.W.2d 43. Some states have held that language similar to the broad grant in SDCL 23–57–4 did not allow imprisonment, only to have their legislature authorize such a condition of probation. See *State v. Van Meter*, 1968, 7 Ariz.App. 422, 440 P.2d 58 (legislative change reflected at *State v. Evans*, 1973, 109 Ariz. 491, 512 P.2d 1225); *People v. Robinson*, 1931, 253 Mich. 507, 235 N.W. 236 (legislative change reflected at *People v. Sarnoff*, 1942, 302 Mich. 266, 4 N.W.2d 544). Other states hold that incarceration is not permissible as a condition of probation unless a statute specifically authorizes that sanction. See *State v. Nuss*, 1973, 190 Neb. 755, 212 N.W.2d 565; *People v. Ledford*, 1970, 173 Colo. 194, 477 P.2d 374. We find the reasoning of the latter jurisdiction persuasive.

■ Probation by its very nature implies an absence of incarceration. It is intended as an alternative to confinement in cases where the trial judge deems that both the defendant and the public would benefit. In suspended imposition cases its purpose is to allow the first-time offender to rehabilitate himself without the trauma of imprisonment or the stigma of a conviction record. Protection is provided the public through supervision by a probation officer and the continuing jurisdiction of the trial court to revoke probation and impose sentence should any of the conditions of probation be violated. See *Roberts v. United States*, 1943, 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41; *Yates v. United States*, 1962, 10th Cir., 308 F.2d 737; *State v. Nuss, supra*;

*People v. Ledford, supra*. We hold that to make imprisonment a condition of probation absent specific statutory authorization, is both illegal and unreasonable.

■ Having determined the condition imposed to be invalid, we are now asked by defendant to strike it from the order. The state would have us remand for resentencing. It is evident from the record that the trial judge thought the defendant worthy of probation. Whatever purpose he sought to fulfill by imposing the thirty day jail term, it is not so integral to the overall plan of rehabilitation that the entire order must fall.[2] The trial court continues to have jurisdiction to add conditions to the probation or to revoke the probation if the conditions are violated. The purposes behind the suspended imposition of sentence statute are satisfied by the order absent the invalid condition. Consequently, we reverse the trial court to the extent of the invalid condition, numbered 3 on the probation order.

Reversed.

DUNN, C. J., and ZASTROW, J., concur.

WOLLMAN and COLER, JJ., dissent.

WOLLMAN, Justice (dissenting).

I am persuaded that the language of SDCL 23–57–4 is broad enough to authorize a brief period of imprisonment as a proper condition of probation. See, e. g., *State v. Jones*, Fla., 327 So.2d 18; *Franklin v. State*, 87 Idaho 291, 392 P.2d 552, *State ex rel. Woodbury v. District Court*, 159 Mont. 128, 495 P.2d 1119.

Even if I concurred in the majority opinion, I would hold that the case be remanded to the circuit court for resentencing. On the basis of the truncated record before us, we are not justified in presuming that the trial judge would have suspended imposition of sentence and placed defendant on straight probation had he known that defendant would not be required to spend any

---

2. We have not been provided with a transcript of these proceedings and therefore have no indication of the motive behind the use of imprisonment. It is clear from the order itself, however, that the trial judge found probation was warranted. By striking the invalid condition, we satisfy the intent apparent on the face of the order.

time in confinement. It is just as logical to infer that the trial judge was of the opinion that the overall plan of rehabilitation for defendant could not be fulfilled without a term of imprisonment as to assume the contrary.

COLER, Justice (dissenting).

I agree with the dissent of Justice Wollman but would add thereto. As I read the constitution, the determination as to whether there should be leniency afforded an offender is the sole prerogative of the trial court under either the prior or now existing provisions of the State Constitution.

SDCL 23–57–4, as last amended by Chapter 149 of the Session Laws of 1972, does not contain words of limitation as required of legislation under Article V, § 5 of the constitution of this state.

Prior to its repeal by the adoption of a revised Judicial Article in 1972, Article V, § 39 of the South Dakota Constitution read:

"The Legislature may empower all courts having jurisdiction to try offenses under the laws of this state, and the judges thereof, to suspend sentences of persons convicted, for the first time, of crime under the laws of this state, during good behavior, and subject to such conditions and restitution as the court or the judge thereof may impose."

As contrasted to the foregoing provision, which required legislative authority to cloak the trial courts with such power, the last paragraph of Article V, § 5 of the current State Constitution is an outright grant of authority to the trial courts in clear language, to wit:

"Imposition or execution of a sentence may be suspended by the court empowered to impose the sentence unless otherwise provided by law."

The outdated language of SDCL 23–57–4 set forth in the majority opinion merely parrots the limitation of the trial court's authority to first offense convictions contained in the old constitution and otherwise is framed as a grant of authority as required by the former constitutional provision. SDCL 23–57–4 fails entirely to place any limitations upon the Court as contemplated under the new constitutional provision. The constitution no longer limits the application of judicial leniency to first offense convictions and nothing within the statute otherwise limits the trial court as to the conditions which may be imposed upon an offender. Until such time as the Legislature revises SDCL 23–57–4 to take into account the unlimited power of the trial courts under the current constitution, I believe the trial courts are at liberty to require some incarceration as a condition to suspended imposition of execution of sentence.

I would affirm the order of the trial court.