**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Kenneth E. JACKSON, Defendant and Appellant.**

**No. 12404.**

Supreme Court of South Dakota.

Argued Sept. 19, 1978.

Decided Nov. 30, 1978.

Harry W. Christianson, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Peter H. Lieberman, Asst. Atty. Gen., Pierre, on the brief.

Donald H. Breit, Sioux Falls, for defendant and appellant.

WOLLMAN, Chief Justice.

This is an appeal from an order reinstating a previously suspended sentence and requiring appellant to serve the remainder of his three year term in the South Dakota Penitentiary. We affirm.

On April 25, 1975, appellant was convicted of assault with a dangerous weapon and sentenced to three years in prison. Appellant's sentence was suspended on three conditions. First, that appellant spend one year in the county jail; second, that appellant be supervised by the Department of Corrections for a period of two years following his release from jail; third, that appellant obtain a graduate equivalency degree while serving his time in jail. Later modification of these conditions allowed appellant to have a work release from his jail term. Appellant received his GED in September of 1975 and the remainder of his jail term was suspended on two conditions. First, that appellant be supervised by the Department of Corrections for two years and second, that appellant reimburse Minnehaha County for the cost of his court appointed defense—$1,063.05.

In December of 1976, appellant was found guilty of assault with intent to inflict great bodily injury and was sentenced to ten years' probation. The state successfully moved to reinstate appellant's prior suspended sentence and appellant was removed to the penitentiary to serve his three year sentence, with credit given for time served in the county jail.

Appellant argues that the conditions imposed as an alternative to spending three years in the penitentiary constitute a statutorily prescribed alternative sentence and that he has satisfied this sentence and therefore may not be required to serve a second punishment for the same offense.

 Appellant's argument fails for two reasons. First, the conditions offered appellant as an alternative to serving his time in prison were not a sentence and were voluntarily accepted by appellant. He was sentenced under the provisions of SDCL 22-18-11.* Examination of the punish-

---

* SDCL 22-18-11 provides:
 Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault or any assault and battery upon the person of another with any sharp or dangerous weapon or who, without such cause shoots, or attempts to shoot at another, with any kind of firearm, air gun, or any other means, with intent to injure any person although without intent to kill such person is punishable by imprisonment in the state penitentiary not exceeding

ment provisions of this statute shows that the legislature did not provide a sentence that resembles appellant's conditions of probation. Terms and conditions of probation are not part of the court's mandatory sentence and if the appellant deems them too severe he need not accept the probation and may demand immediate sentencing. *In Re Osslo,* 51 Cal.2d 371, 334 P.2d 1. Appellant may not be heard to complain of probation conditions voluntarily accepted. *Franklin v. State,* 87 Idaho 291, 392 P.2d 552; *Tabor v. Maxwell,* 175 Ohio St. 373, 194 N.E.2d 856; *Ex Parte McClane,* 129 Kan. 739, 284 P. 365; *Hunt v. State,* 186 Ind. 644, 117 N.E. 856. Second, even accepting appellant's view that the conditions imposed are equivalent to the alternative sentence in the statute, appellant does not explain how a six month jail term followed by a violation of probation could be construed as a completed sentence. Probation is a matter of grace and is within the discretion of the trial court. *State v. Elder,* 77 S.D. 540, 95 N.W.2d 592; *United States v. Alarik,* 8 Cir., 439 F.2d 1349.

■ We note that we said in *State v. Marshall,* S.D., 247 N.W.2d 484, that to make imprisonment a condition of probation was improper. This pronouncement does not aid appellant. In *Marshall* the defendant was facing his imprisonment; here, appellant has served the time, and therefore the remedy applied in *Marshall* is not appropriate. Also, in *State v. Iverson,* S.D., 269 N.W.2d 390, we restricted *State v. Marshall,* supra, to prospective application only. The events complained of here occurred well before the decision in the *Marshall* case. Finally, we note that SDCL

23–57–5.1, effective July 1, 1977, permits up to sixty days' confinement as a condition of probation.

■ Next, appellant argues that the condition of probation imposed September 9, 1975, requiring him to reimburse the county for the cost of his court appointed defense represents an increase in severity of his punishment after he had begun serving a valid sentence. It is true that we have said that the trial court may not increase the severity of a sentence as against an unwilling defendant. *State v. Hughes,* 62 S.D. 579, 255 N.W. 800. Here, however, appellant voluntarily accepted the probation conditions and has reimbursed the county. Appellant cites no authority that would support the proposition that reimbursement of funds expended by the county for his defense constitutes a fine. We have held that imposition of costs as a condition of probation is permissible if not excessive. *State v. Long,* 85 S.D. 431, 185 N.W.2d 472. We do not view these costs imposed against a willing prisoner as a condition of release from jail to be excessive.

Accordingly, the order revoking appellant's probation and requiring him to serve the original sentence in the penitentiary is affirmed.

All the Justices concur.

---

five years or by imprisonment in a county jail not exceeding one year, or by a fine not

exceeding five hundred dollars or by both such fine and imprisonment.