The STATE OF MONTANA, Plaintiff and Respondent,
*v.* SOLOMON SIMTOB, Defendant and Appellant.

No. 11729.
Submitted December 8, 1969.
Decided December 12, 1969.
462 P.2d 873.

Leif B. Erickson, argued, Helena, for defendant and appellant.

Robert L. Woodahl, Atty. Gen., Joseph Gerbase and J. C. Weingartner, Asst. Attys. Gen., argued, Thomas Dowling, County Atty., Helena, for plaintiff-respondent.

MR. JUSTICE HASWELL delivered the Opinion of the Court.·

Defendant Solomon Simtob, age 21, plead guilty to a charge of criminal possession of dangerous drugs (section 54-133, R.C.M.1947) in the district court of Lewis and Clark County. Following a presentence hearing, he was sentenced to a term of 3 years imprisonment in the state prison. Defendant appeals only from the sentence imposed.

There are two controlling issues upon this appeal: (1) whether an appeal may be taken from the sentence itself, and (2) whether the prison sentence imposed here violates the statutory presumption that defendant is entitled to a deferred imposition of sentence.

We are confronted with the first issue at the outset. The state contends there is no appeal on the merits from a plea of guilty, that the district judge so advised the defendant, and defendant's remedy, if any, lies·with the Sentence Review Division rather than with this Court.

We cannot subscribe to this contention by the state under the circumstances of this case. The Sentence Review Division, which is an arm of this Court, is designated to provide appellate review of *legal* sentences. See sections 95-2501 to 95-2504 inclusive, R.C.M.1947. It provides a method by which a defendant can secure review of a sentence legally imposed upon him which he contends is unjust or inequitable. The Sentence Review Division doess not reach or review errors of law resulting in an illegal sentence.

In the instant case, the thrust of defendant's complaint is that an illegal sentence has been imposed upon him. He contends that as a first offender of the age of 21 he is presumptively entitled to a deferred imposition of sentence and probation, rather than imprisonment in the state prison; that there is a total absence of evidence in the record to overcome this presumption. The Montana Dangerous Drug Act is unique in that the legislature has established a disputable statutory presumption in regard to sentencing. Being disputable, it requires evidence to overcome. Section 93-1301-7, R.C.M.1947. Whether such contradictory evidence is present in the instant case is clearly a legal question properly addressed to this Court on appeal as an order after final judgment of conviction which affects the substantial rights of the defendant. Section 95-2404 (a), R.C.M.1947.

However, the principal issue upon this appeal concerns the imposition of a prison sentence on defendant in the face of a statutory presumption established by the 1969 legislature which entitles a person 21 years or under convicted of a first violation of the Dangerous Drug Act to a deferred imposition of sentence. Section 54-133, R.C.M.1947, provides in pertinent part:

"(b)   *   *.*   Any person of the age of 21 years or under convicted of a first violation under this section *shall be presumed to be entitled to a deferred imposition of sentence.*" (Emphasis added.)

It should be also noted that the same presumption applies to a first conviction for the criminal sale of dangerous drugs (section 54-132(b), R.C.M.1947), and although this section is not directly involved in this appeal, this fact should nonetheless be borne in mind in reviewing the evidence in this case.

There is no dispute concerning the fact that defendant entered a plea of guilty to the charge of criminal possession of dangerous drugs. Likewise it is undisputed that defendant has no prior conviction under the Dangerous Drug Act, nor any other prior criminal record whatsoever. It is also undisputed that defendant is 21 years of age, therefore our inquiry must be directed to a determination of whether there was any evidence before the trial court, and therefore in the record before this Court, to overcome the statutory presumption, heretofore noted, and thus authorize the imposition of a prison sentence on this defendant.

On August 5, 1969, defendant entered his plea of guilty, whereupon the trial court ordered a presentence investigation by the county attorney on behalf of the state and the public defender on behalf of defendant. The presentence hearing in aggravation or mitigation of punishment was held 2 days later.

The record indicates the following facts were before the trial court.

On August 3, 1969, defendant and a friend made plans to go to Missoula for the purpose of purchasing drugs. The next day the two were given a ride to the outskirts of Helena by another friend from where they were to hitchhike to Missoula. This second friend gave defendant $5 and asked defendant to purchase drugs for him. Defendant agreed, the money was exchanged, and an agreement was made to meet at Hill Park in Helena upon defendant's return from Missoula. The transfer of drugs was never completed because of the intervention of the authorities. Assuming, arguendo, that under the provisions of section 54-129(k), R.C.M.1947, this transaction constitutes a

criminal sale of dangerous drugs, we note that the legislature has established the identical statutory presumption for a first criminal sale of dangerous drugs as for a first offense of possession of dangerous drugs. Defendant was not charged with criminal sale, nor did he plead guilty to that charge.

Testimony of defendant's companion on this trip indicated that upon reaching Missoula there was apparently some difficulty in finding a place to purchase drugs, but that defendant did succeed in purchasing 31½ "lids" of LSD and a small quantity of marihuana. There was further testimony that defendant purchased some unidentified white tablets, but the record does not indicate whether this was part of the same transaction or what the white tablets were.

There was no testimony concerning whether defendant intended to use the drugs purchased on August 4 himself or whether he intended to sell or furnish them to others, except with regard to the $5 transaction with his friend, heretofore noted.

After the purchase of the drugs in Missoula, defendant and his companion hitchhiked back to Helena where they were arrested near the city limits by city police. The drugs were confiscated and later identified by chemical analysis. Defendant was placed in the Lewis and Clark County jail and thereafter charged. Defendant did not take the stand in his own behalf, ostensibly because nothing except what he had plead guilty to was presented at the hearing.

At the conclusion of the presentence hearing, the trial court made the following remarks:

"It appears to this Court from the uncontroverted and undisputed testimony here that you went over to Missoula and acquired these drugs, the possession of which you plead guilty to, *for the purpose of distributing them I suppose in this community,* and to me this undisputed testimony and undenied certainly completely eradicates the matter of the presumption with the statute which affords anyone who is age 21 or young-

er the presumption that a suspended or deferred sentence should be imposed.

*"Also this evidence which is undisputed before me indicates that this is not your first experience in this sort of thing,* and I feel that you should be and you are sentenced to imprisonment in the State Prison at Deer Lodge, Montana, at hard labor for a period of three years, and you're remanded to the custody of the sheriff for the immediate execution of this sentence. \* \* \*." (Emphasis added.)

The presumption with which we are here dealing is a kind of indirect evidence. Section 93-1301-1, R.C.M.1947. It is "a deduction which the law expressly directs to be made from particular facts". Section 93-1301-3, R.C.M.1947. The presumption here is a disputable presumption which may be controverted by other evidence, but unless so contradicted the presumption controls. Section 93-1301-7, R.C.M.1947. Our inquiry then is whether the record here discloses any facts to overcome the statutory presumption contained in the Dangerous Drug Act that defendant is entitled to a deferred imposition of sentence. Here the record discloses a total absence of any such evidence.

Nonetheless the state insists that there is evidence in the record sufficient to overcome the legislative presumption. According to the state, defendant's prior experience in purchasing dangerous drugs, his purchase of a large quantity of dangerous drugs on August 4, and his purchase of dangerous drugs for others on that date furnish the rebutting evidence. There is no direct evidence in the record that defendant had any prior experience in purchasing dangerous drugs and the state has been unable to show us where such evidence appears. Likewise we fail to see how defendant's purchase of 31½ "lids" of LSD and a small quantity of marihuana on August 4 furnishes the basis for an inference of defendant's prior experience in purchasing dangerous drugs. The same can be

said for the alleged but unproven purchase of $5 worth of drugs by defendant for his friend at the latter's request.

In any event, the state argues, the sentencing judge is not limited by evidence appearing in the record in pronouncing sentence but may use his own personal and undisclosed knowledge of any relevant information. The state contends that sentencing in a criminal case is a discretionary act of the sentencing judge, citing Williams v. People of State of New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337. It need only be recognized that here we are dealing with a statutory presumption on sentencing that requires evidence to overcome before any discretion on the part of the sentencing judge is involved, such presumption being conspicuous by its absence in Williams, supra. Additionally, this Court has heretofore made it clear that the discretion of the sentencing judge must be based on his view of the evidence presented in open court showing circumstances in aggravation or mitigation of punishment and may not be exercised on the basis of unsworn representations privately received by the sentencing judge. Kuhl v. District Court, 139 Mont. 536, 366 P.2d 347. As this Court previously indicated in Kuhl, supra, "Justice *under the law* is the due of both the accuser and the accused.

To this end it is the duty of the judges to work for equal justice *under the law,* even 'to the least among us.'"

Here, the record before us indicates that the witnesses at the presentence hearing simply chronicled the very "facts" constituting the charge to which the defendant had plead guilty. There is simply no evidence in the record indicating that this was not the defendant's "first experience in this sort of thing", nor is there any evidence defendant purchased these drugs "for the purpose of distributing them * * * in this community." In summary, the witnesses presented by the state furnished no additional evidence in aggravation of Simtob's punishment upon which the trial court could reasonably find that the statutory presumption had been overcome.

Accordingly, the sentence of the district court is vacated; defendant is ordered released forthwith from the state prison and returned to the district court; and this cause is remanded to the district court for imposition of a deferred sentence for such term, and subject to such conditions of probation as are authorized by law, in the discretion of the sentencing judge. We take judicial notice of the fact that the district judge who previously imposed sentence herein is out of the jurisdiction and therefore remand this case to the Honorable Lester H. Loble for disposition not inconsistent with this opinion. Let remittur issue forthwith.

MR. JUSTICE CASTLES, and the HONORABLE LeROY L. McKINNON, District Judge, sitting in place of MR. JUSTICE BONNER, concur.

MR. CHIEF JUSTICE JAMES T. HARRISON, (specially concurring).

The result reached in the foregoing opinion is correct under the law and I concur in it. However, I do most seriously question the wisdom of the legislature in establishing a statutory presumption for those 21 and under who are guilty of possession or sale of dangerous drugs, as discussed in the opinion. Whether or not one is entitled to a deferred imposition of sentence I feel is better left to the sound discretion of the judge and he should not be held accountable for the exercise of his discretion. The broad provisions with reference to liberal construction, presentence investigations, sentence and judgment contained in Chapter 22 of Title 95, Montana Code of Criminal Procedure, are amply sufficient to take care of any and all problems that may arise. I see no reason for the legislature to attempt to constrict the powers of the judge granted therein.

MR. JUSTICE JOHN C. HARRISON, (dissenting).

I dissent.

It is anyone's guess what the legislature intended by its language in section 54-133(b), R.C.M.1947, but it can be gen-

erally stated that it intended to give benefit to young violators so that their futures would not be destroyed by a felony conviction. I believe that it can be properly said that none of the legislators intended such a benefit to enure to a person of the accused's position, a "pusher" or seller, as described within the Dangerous Drug Act of the 1969 Legislature.

. Admittedly the record made in the trial court in the presentence hearing is not a model for future cases, however, as I view the evidence adduced, after the appellant plead guilty to violating the Act, I find the evidence sufficient to move the trial judge's discretionary power in committing the appellant to the state prison. Agreeing with appellant's statutory definition of a presumption—"a deduction which the law expressly directs to be made from particular facts," I feel the presumption calling for a deferred sentence can be overcome from the following:

1. Appellant agreed to make a $5 purchase for an alleged friend.

2. Appellant took with him to Missoula a friend who admits he was under a deferred sentence for drug use which could have resulted in the revocation of that deferred sentence and imprisonment in the state prison. Admittedly the appellant was not asked whether he knew his traveling companion was serving a deferred sentence, but such information was common knowledge to the entire community last spring when hearings were held, names were published, and families appeared before Judge Loble before the sentencing. It is impossible for me not to indulge in a presumption that appellant knew full well the status of his companion.

3. The only difficulty I could glean from the testimony that appellant had trouble finding a place to purchase the drugs was that they had to go to several houses before they found "someone home" and a purchase was made. The inference from this testimony to me, and I feel sure to Judge Fall, is that they knew of several places to go to find drugs.

4. The testimony of his 18-year-old traveling companion who had several months earlier plead guilty to the violation of the Act and was under a deferred sentence. His testimony is as follows:

"A. We found at one house there was somebody home.

"Q. And who was that? A. I believe his name was Mike Brown.

"Q. Did you recognize him? A. Yes, I had met him before.

"THE COURT: What was the name?

"THE WITNESS: Mike Brown.

"THE COURT: Mike Brown.

"Q. And under what circumstances had you met him before? A. I just met him before in his house.

"Q. Had Solomon been present on those previous occasions? A. Yes, he had at one.

"Q. Then what transpired? A. He bought some tablets.

"Q. By 'he,' meaning Solomon? A. Yes.

"Q. And what type of tablets did he buy? A. I don't know what they were."

The least that can be gleaned from this testimony is that the traveling companion of Solomon knew Mike Brown, had met him before, and that on one of the previous occasions when he had met Mike Brown, Solomon had been present.

5. While no proof was put in by the state as to what the "white tablets" were, we do know from the appellant's own plea that he was in possession of dangerous drugs when arrested. He plead guilty to the charge and no inference can be made that the "white tablets" were aspirin.

6. The cognizance of the trial judge to make a record to show why he took the action he did; admittedly it could and should have been amplified, but again it can be "presumed" that Judge Fall was not totally ignorant of the facts and circumstances of the drug cases in the Helena community in the spring of 1969. Judge Fall is one judge of a two judge district, he is in almost daily contact with Judge Loble and most

certainly was aware of the history and the problems that arose in the spring of 1969.

7. Last, but not least, is the very nature of the offense charged. The appellant is not one of those who got caught giving or selling a stick or two of marihuana. He made a round trip of some 240 miles to purchase $31\frac{1}{2}$ "lids" of LSD and what is described as a small quantity of marihuana. What he intended to do when he returned to Helena with his purchase should have been developed but had he not been caught on the outskirts of the city, at least, assuming him an honest pusher, he would have put the $5 purchase in the hands of his friend.

The district courts and this Court have been given a difficult, to be charitable, statute to implement and if nothing comes from the majority holding it should be apparent to all that the next legislature should clarify the language of the statute.

In the meantime those charged with the enforcement of the Act should strive to make a full record of information of the parties involved in future cases so that this Court will have a more complete record to work from.