WILLIAM T. CAMPUS, Petitioner, v. The STATE OF MONTANA and JAMES ESTELLE, Warden of the Montana State Prison, Respondents.

No. 12045.
Decided March 31, 1971.
483 P.2d 275.

David Patterson (argued), Missoula, for petitioner.

Robert Woodahl, J. C. Weingartner, Helena, Byron L. Robb, Jack Shanstrom (argued), Livingston, for respondents.

## MEMO OPINION

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an original proceeding for a writ of habeas corpus by an inmate of the Montana State Prison. The petition was filed on his behalf by the Montana Defender Project following its investigation of this case.

The petition discloses that William T. Campus, petitioner herein, aged 19, was charged in the District Court of Park County with the sale of dangerous drugs to Patrick Moen, Randy Carrier, and Judy Noe in violation of section 54-132, R.C.M. 1947, of the Montana Dangerous Drug Act. Petitioner first entered a plea of "not guilty," later changed his plea to "guilty," and was sentenced to a term of 4½ years in the Montana State Prison, with credit given for 105 days served in the county jail from the time of arrest to the time sentence was pronounced.

Prior to sentencing, the court "had familiarized itself with all of the evidentiary matter that was in the custody of the Police Department" and "observed the quantity of hashish that the defendant was apprehended with and familiarized himself with all of the evidence" and at that time informed defendant's counsel "that the minimum sentence he would give in the case would be four and one half years," according to recitals in the transcript of the "evidentiary" hearing, held some five days after sentencing.

It appears from the record made at a hearing on September 24, 1970, which was at the time the case was to be set for jury trial, that a change of plea from "not guilty" to "guilty" was desired by defendant. From this record it appears that defendant's counsel had consulted with the judge in a form of "plea bargaining" theretofore. The record makes it clear that defendant and his counsel were fully advised, were aware that the judge would not defer imposition of the sentence under the statutory presumption, and knowingly acquiesced in that decision.

The record discloses the following:

"THE COURT: William T. Campus, if you would please rise. Mr. Huppert, you have informed the Court that you have a motion to make at this time as to withdrawing a plea of not guilty, is that correct?

"MR. HUPPERT: Yes. Your Honor, at this time I would like on behalf of the defendant to move to withdraw the former plea of not guilty.

"THE COURT: Mr. Campus, you heard the motion of your attorney to withdraw your plea of not guilty and enter a plea of guilty. You have consulted with your attorney and you have gone over this matter with your attorney, is that correct?

"MR. CAMPUS: Yes, Your Honor.

"THE COURT: *I have advised * * * your attorney,* Mr. Huppert, *that for the crime that you are charged with,* the sale of a dangerous drug, to-wit, marihuana, on the 12th day of June, 1970, *that I would impose a sentence of four and one half years at hard labor at the state prison,* and you would be given credit for the time you have served in jail. *Mr. Huppert has conveyed this information to you, is that correct?* [Italics supplied.]

"MR. CAMPUS: Yes, Your Honor.

"THE COURT: There have been no additional promises or anything made to you concerning that in this matter?

"MR. CAMPUS: No, Your Honor.

"THE COURT: And understanding the nature of the penalty here, not less than one or more than life in the state penitentiary, understanding that the Court will sentence you to four and one half years in this matter, giving you credit for time served in the county jail, do you join in the motion of your attorney, Mr. Huppert, desire to withdraw your plea of not guilty and enter your plea of guilty?

"MR. CAMPUS: Yes, Your Honor.

"THE COURT: Let the record reflect then that the motion

to withdraw the plea of not guilty is granted. And I now ask you, William T. Campus, what is your plea to the Information as charged, guilty or not guilty?

"MR. CAMPUS: Guilty, your Honor.

"THE COURT: Mr. Campus, you have at least 48 hours before judgment and sentence can be imposed in this matter if you desire. This is a personal right and a right that can be waived and you can have the judgment and sentence imposed at this time. Consult with your attorney and advise the Court what you desire to do.

"MR. CAMPUS: Your Honor, I will waive it and have it pronounced now.

"THE COURT: It is the judgment and sentence of this Court then that you, William T. Campus, serve a term of four and one half years at the state penitentiary at Deer Lodge, Powell County, Montana and you will be given credit for approximately 111 days, or the exact number of days that you have served in confinement at the Park County jail. You could have received up to life in this matter due to the seriousness of the offense. There is no maximum as to what the Court can impose. There is a provision that sets forth a person under the age of 21, that leniency should be shown, and that is what I have shown, what I consider leniency in this matter, considering the seriousness of the offense. You will be delivered to the Sheriff who will deliver you to the Warden at the penitentiary at Deer Lodge, Powell County, Montana. You will have an opportunity to petition to the review board as to the conformity of your sentence with the drug laws and the other sentences throughout the state."

At the evidentiary hearing five days later, (the delay appears to have been for court and counsel convenience), the defendant and his counsel chose not to put on any evidence, counsel merely choosing to cross-examine the state's witnesses.

It seems clear that a statutory disputable presumption such as we have here, which standing by itself is a form of indirect evi-

dence for the benefit of the defendant, is the type of benefit that can be waived. The record here indicates clearly that it was waived, as we shall develop further.

However, petitioner's counsel, on this application, insists that regardless of his waiver under the rules laid down in State v. Simtob, 154 Mont. 286, 462 P.2d 873, the record made at the evidentiary hearing did not show evidence sufficient to overcome the presumption. Counsel insists that something more than evidence of the crime charged must be shown.

Under section 54-129(k), R.C.M.1947, ''sell'' means to sell, exchange, give or dispose of to another, or to offer or agree to do the same. Section 54-132(a), R.C.M.1947, makes it a criminal sale of dangerous drugs ''if he *sells* * * * and does not come within the exceptions of section 3 [54-131].'' (Emphasis supplied.)

Thus the legislature adopted a definition of the word sell that is so broad that it includes a *mere offer* to *give* a minute quantity of a variety of defined dangerous drugs which includes four general categories, depressants, stimulants, hallucinogenic and narcotic drugs. Under this sweeping scope of the act, a mere offer to give a useful, though regulated and prescribed, drug is placed in the same category as the professional pushing of hard narcotics. But the legislature provided for a sentence in section 54-132(b) of from one year to life imprisonment. A sentencing judge's discretion is vast indeed, subject only to review by the Sentence Review Division of this Court or by this Court itself.

It seems then that the legislature when it provided in section 54-132(b) ''Any person of the age of 21 years or under convicted of a first violation under this section shall be presumed to be entitled to a deferred imposition of sentence.'' had in mind the broad scope of the act. The deferring of imposition of sentence under section 95-2206, R.C.M.1947, is for a maximum period of three years. What then, does this statutory ''presumption'' mean? It is clear from its language that it is not conclusive nor is the deferred sentence mandatory in every case. The

legislature has not provided any guidelines, but with such a broad sweeping definition of the crime permitting such severe penalty limits, one year to life, there necessarily, if we are to give any meaning to the word "presumption," must be reasonable limits.

To overcome the presumption, we established in State v. Simtob, 154 Mont. 286, 291,-462 P.2d 873, 876, that the record before the sentencing court must show evidence. We said in discussing the meaning of presumption:

"The presumption with which we are here dealing is a kind of indirect evidence. Section 93-1301-1, R.C.M.1947. It is 'a deduction which the law expressly directs to be made from particular facts.' Section 93-1301-3, R.C.M.1947. The presumption here is a disputable presumption which may be controverted by other evidence, but unless so contradicted the presumption controls. Section 93-1301-7, R.C.M.1947. Our inquiry then is whether the record here discloses any facts to overcome the statutory presumption contained in the Dangerous Drug Act that defendant is entitled to a deferred imposition of sentence. * * *."

Also in section 93-1301-7, above referred to, disputable presumptions, such as we have here, include "That a person intends the ordinary consequence of his voluntary act." (Subsec. 3); and "That acquiescence followed from a belief that the thing acquiesced in was conformable to the right or fact." (Subsec. 27). Herein we find the waiver and acquiescence by the defendant.

In *Simtob* we did not find aggravating evidence sufficient to overcome the presumption. However, because of the importance of the problem, we will look to the evidentiary hearing to determine whether aggravating circumstances did exist.

In the instant case, is there not more than a "mere sale of a mere dangerous drug"? (Admittedly in Simtob, the nature of the drug, LSD, or its quantity, 31½ lids, impressed this Court as being sufficient to make it aggravated in a possession charge).

■ Here, we have two pounds of hashish—something more in both quantity and type than a mere marihuana cigarette. We have a sale to *three* minors, one a mere 15 year old; we have more than a "mere" sale, that is, an offer to give; rather, we have a commercial sale; we have evidence, not contradicted, by the 15 year old girl that defendant got the hashish in Germany when he was in the service. These matters were sufficient to overcome the statutory "presumption."

■ The 1971 Legislature by Senate Bill 270, Chapter 228, Laws of 1971, changed somewhat the language of section 54-133, R.C.M.1947, as regards the crime of possession. It left intact the presumption on sentence contained in section 54-132(b) as to sale. Since we still have these statutory presumptions, some confusion appears in what type of evidence is sufficient to overcome the presumption. First, we interpret it to mean that the record itself must disclose the evidence, as we held in *Simtob*. Second, the evidence may be contained either within or without the proof of the crime itself. Third, the aggravating circumstances should be some substantial evidence over and above the simple facts of a prima facie case. Finally, it is clear that this Court will require hearings and a record to disclose the aggravating evidence, if there be no express voluntary waiver as in this case. While these are general basic rules, necessarily we must determine the sufficiency of aggravation on a case-by-case basis.

Previously, on March 23, we issued an order in this cause giving the state and the district court an opportunity to respond to the petitioner's allegations and set a further hearing for March 29. On that date the district court appeared as did counsel for petitioner. Full argument was had.

From what we have heretofore said, it appears that no grounds for habeas corpus are shown. Accordingly, the petition is denied.

MR. JUSTICES HASWELL, JOHN C. HARRISON, and DALY, concur.