The STATE OF MONTANA, PLAINTIFF AND RESPONDENT, *v.* JONATHAN WOODBURY DREW, DEFENDANT AND APPELLANT.

No. 12073.
Decided November 3, 1971.
490 P.2d 230.

McKinley Anderson, Jr., Bozeman, James H. Goetz, argued, Bozeman, for appellant.

Robert L. Woodahl, Atty. Gen., Helena, David V. Gliko, Asst. Atty. Gen., argued, Helena, Thomas A. Olson, County Atty., Bozeman, Thomas D. Gai, appeared, Bozeman, for respondent.

MR. JUSTICE DALY delivered the Opinion of the Court.

Defendant, Jonathan Drew, aged 18, plead guilty to possession of four marijuana cigarettes, being less than 60 grams, a misdemeanor, in violation of section 54-133, R.C.M.1947. It was defendant's first offense.

On the 26th of April, 1971, the District Court of Gallatin County imposed this sentence:

"Now, therefore, it is ordered, adjudged and decreed that the said defendant is guilty of the offense charged in the information herein; that is of the crime of MISDEMEANOR, to-wit: POSSESSION OF DANGEROUS DRUG, in violation of Section 54-133, R.C.M.1947, which was committed in the County of Gallatin, State of Montana, on or about the 19th day of April, 1971, and that he be punished by confinement in the County Jail in Bozeman, Montana, for one (1) year. He is to be given credit for one (1) day served in the county jail beginning the 20th day of April 1971. "2. *And it appearing to the Court that this is an appropriate case in which to delay imposition of sentence,* imposition of such sentence is hereby rendered as follows:

"That he shall serve six (6) months in the County Jail and that he shall be allowed to attend classes at Montana State University under the Huber Law; that he shall serve the remainder of the six months after school is out, full time in the county jail;

"That he shall be released from the county jail after the six months under a delay of imposition of sentence for the remainder of his one year term.

"That he shall be under the supervision of the State Board of Parole and Mr. Gene Bond, the District Parole and Probation Officer." (Emphasis supplied.)

Defendant appeals from the final judgment and sentence of the trial court.

The state has conceded that the trial court by its judgment determined defendant was entitled to a deferred imposition of sentence under section 54-133(c), R.C.M.1947.

The only remaining issue for review is whether a six month imprisonment is proper under the presumption of entitlement to a deferred imposition of sentence, directed by section 54-133(c), R.C.M.1947. We think not.

The state's principal argument is that section 95-2206, R.C.M. 1947, Montana's sentencing statute, provides:

"SENTENCE. Whenever any person has been found guilty of a crime or offense upon a verdict or plea the court may impose any of the following sentences:

"(1) Release the defendant on probation;

"(2) Defer the imposition of sentence for a period not to exceed three (3) years;

"(3) Suspend the execution of the sentence up to the maximum sentence allowed for the particular offense. However, if any restrictions or conditions are violated, any elapsed time shall not be a credit against the sentence, unless the court shall otherwise order;

"(4) Impose a fine as provided by law for the offense;

"(5) Commit the defendant to a correctional institution with or without a fine as provided by law for the offense;

"(6) *Impose any combination of the above. The court may also impose any restrictions or conditions on the above sentence which it deems necessary.*" (Emphasis supplied.)

The state argues that section 95-2206 read literally authorizes the combination of a *deferred sentence* and a *jail term.* The defect in this argument lies in the one fact which has been overlooked. Here, we are considering the sentencing mandate of a special statute under the Dangerous Drug Act, section 54-133(c), R.C.M.1947. Under this Act, once the presumption provided for in section 54-133(c) has been found by the trial judge not to have been overcome (State v. Simtob, 154 Mont.

286, 462 P.2d 873; Campus v. State, 157 Mont. 321, 483 P.2d 275, 28 St.Rep. 339), then the court's discretion is limited by this Act to defer the imposition of sentence as provided under section 95-2206(2), R.C.M.1947. We have other examples of special provisions which limit the court's sentencing discretion such as section 94-2505, R.C.M.1947, which provides the mandatory penalty for murder in the first degree. However, in all cases when there are no special sentencing provisions the wide discretion of section 95-2206, R.C.M.1947, applies.

The state further argues with citations on "suspended sentences," that the *purpose* of "suspended" and "deferred" is not dissimilar and conditions of *probation* can be attached. This is true but not in point with the issue presented in this appeal.

For clarity: Where the defendant is granted a suspended sentence, sentence is imposed and execution of the sentence is suspended in whole or in part up to the maximum time of sentence allowed by law and the defendant can be released on probation during the time interval with the conditions of probation imposed by the court. Where the defendant is granted deferred imposition of sentence as directed by section 54-133(c), R.C.M. 1947, it contemplates that the verdict or plea will be taken and the imposition of sentence deferred, or if you prefer, stayed, for a period not to exceed three years. The court can impose conditions of *probation* during this time of deferment which are not in contradiction to a stay of sentence or deferred sentence. This then means defendant will not be sentenced, which includes a sentence to a term in jail. At the termination of the time of deferment or stayed imposition, section 95-2207, R.C.M. 1947, authorizes the court to accept a plea withdrawal or to strike the verdict of guilty and order the charge dismissed.

The passage of section 95-2207, R.C.M.1947, demonstrates the intent of the legislature in regard to deferred imposition of sentence. If sentence were imposed or executed in any part, then the end advantage to the entire concept of the deferred sen-

tence could not be attained and section 95-2207 would become inoperative.

Accordingly, the judgment and sentence of the trial court is vacated and this cause remanded to the trial court with instructions to enter judgment and deferred sentence not inconsistent with the statutes controlling or this opinion.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES HASWELL, and CASTLES, cancur.