No. 12163

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

_____

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

JEFFREY HARNEY,

Defendant and Appellant.

_____

Appeal from: District Court of the Fifth Judicial District,
Honorable Frank E. Blair, Judge presiding.

Counsel of Record:

For Appellant:

Maffei and Harrington, Butte, Montana.
Maurice Maffei argued, Butte, Montana.

For Respondent:

W. G. Gilbert III, argued, County Attorney, Dillon,
Montana.
Robert L. Woodahl, Attorney General, Helena, Montana.
J. C. Weingartner argued, Assistant Attorney General,
Helena, Montana.

_____

Submitted: June 14, 1972

Decided: JUL 2 8 1972

Filed: JUL 2 8 1972

_Thomas J. Kearney_ Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

The appellant, Jeffery Harney, was charged with the crime of sale of dangerous drugs. He was convicted and sentenced to three years in the state penitentiary with all but one year suspended. From that conviction the appellant appeals.

Appellant was a resident of Butte, Montana, having been born and raised in that community. In September 1969 he moved to Dillon, Montana, where he enrolled at Western Montana College.

In the spring of 1971, a Dan Jimmerson, who was also a student at Western Montana College, approached the Beaverhead County sheriff's office. Jimmerson said he was concerned with the drug problem in the area and asked if he could assist the local law enforcement personnel in curbing the drug traffic. The sheriff's office accepted his offer and told him to try to associate with drug users on the campus.

In the latter part of March, 1971, Jimmerson went to the apartment of the appellant and told him that he had heard he was going to Missoula to purchase some drugs. Jimmerson asked the appellant to purchase some drugs for him if he was able to make a buy in Missoula. The appellant told him he would. The next day Jimmerson asked appellant if he had been able to secure any drugs; the appellant said he was not able to purchase any at that time.

About two weeks later Jimmerson heard that Harney had some drugs for sale. Jimmerson went again to the apartment of appellant and asked him if he had any drugs for sale. Appellant replied he had some and showed Jimmerson a baggie which was reportedly full of hash. Appellant agreed to sell Jimmerson two grams for $5.00 each. Jimmerson told appellant he did not have the money at that

time and made arrangements to make the buy the following day.

Jimmerson then contacted the local law enforcement officials and they agreed to set up surveillance at the local baseball field where the sale was to take place. At 6:00 p.m. the appellant arrived at the park where they made the sale in his automobile. After the sale both appellant and Jimmerson were arrested by the law enforcement authorities.

The case was tried before a jury, commencing on June 14, 1971, and on June 16, 1971, the jury returned a verdict of guilty. The court fixed August 9, 1971 as the date for the hearing on what the court called "aggravation and mitigation of sentence".

On April 6, 1971, when the information was filed, the appellant was twenty years of age. Section 54-132(b), R.C.M. 1947, provides that " * * * Any person of the age of 21 years or under convicted of a first violation under this section shall be presumed to be entitled to a deferred imposition of sentence." Absent evidence to overcome the presumption, appellant was entitled to a deferred imposition of sentence. The hearing, called an "aggravation and mitigation" hearing, was held, at which time the court heard evidence on behalf of appellant and for the State. Included in the evidence for the State were two affidavits which were allowed into evidence over the objections of appellant. These affidavits accused appellant of previous dealings in drugs. At the conclusion of the evidence the Court held that appellant was not entitled to a deferred imposition of sentence. Appellant was sentenced to three years with all but one year suspended.

Appellant divides the alleged errors on this appeal into basically four parts. We shall discuss them in the same manner. These parts are: (1) Error in admitting certain photographs into

- 3 -

evidence; (2) failure of the State to prove the necessary venue; (3) error of the district court in not granting a motion for a directed verdict in favor of appellant on the grounds that there was entrapment as a matter of law; and (4) whether there was sufficient evidence to overcome the presumption that appellant was entitled to a deferred imposition of sentence.

Appellant's first specification of error alleges the admission of certain photographs was prejudicial and they should have been excluded. We find no merit in this argument. The pictures were necessary in order that appellant be properly, affirmatively and conclusively identified. Photographs are admissible whenever relevant to describe a person, place or thing. State v. Logan, 156 Mont. 48, 473 P.2d 833. Appellant had, at the time he was arrested, an "Afro" type hair style. At the time of the trial, appellant did not have this same type of hair style. These pictures were admitted to bolster the identity of the accused, since his appearance was notably different at the time of the trial than it was at the time he was observed by the witnesses. We do not find that these pictures were introduced to prejudice the jury against appellant. They were allowed because they were relevant to identify the accused.

The next alleged error on appeal is that the State failed to establish the proper venue. After a careful reading and study of the record we find the necessary venue was established.

During the trial, Fred Rebish, who testified that he was a deputy sheriff in Beaverhead County, gave an account of where the arrest took place. He testified that he was familiar with the city park in Dillon, and it was at this park, called Vigilante Park, that the sale took place. Another witness, Raymond Davis,

- 4 -

who also stated he was an undersheriff with Beaverhead County, testified as to the arrest of appellant. He also referred to the park where the sale took place and he stated he left a trailer on Thomson Street before making the arrest of appellant.

This Court has already given some guidelines with reference to establishing the proper venue. In State v. Anderson, 156 Mont. 122, 476 P.2d 780, we stated that when it is established that the crime took place in a town within this State, by reference in the record to the town itself, or to buildings and streets within that town, or that the investigating officers from that local law enforcement agency investigated the crime, the court can take judicial notice that the town is within its own appropriate county in establishing venue.

In the instant case, wexbelieve it was established that this sale took place in the city park of Dillon. There was reference to the park, the city, reference to streets within Dillon, and testimony that the arresting officers were from the local Dillon and Beaverhead County sheriff's office. Since it was established that this took place in Dillon, the court was correct in taking judicial notice that Dillon is within Beaverhead County.

Appellant now alleges there was entrapment as a matter of law and that a directed verdict should have been given. We again fail to see any error and uphold the action by the district court. It seems clear that present Montana case law indicates there was no entrapment on these facts.

In this case it is clear that Jimmerson did not induce this sale. Jimmerson merely asked appellant if he could furnish him with some drugs. He did not plead, beg, or coerce the appellant into selling. This casual offer to buy is not sufficient to avail

- 5 -

the appellant with the defense of entrapment.

This Court has recently ruled on the issue of entrapment. In State v. Karathanos, 158 Mont. 461, 493 P.2d 326, 29 St.Rep. 81,88, this Court said:

> "Defendant now contends that he was entrapped into committing the offense charged.  With this contention, we cannot agree.  Entrapment occurs only when the criminal intent or design originates in the mind of the police officer or informer and and not with the accused, and the accused is lured or induced into committing a crime he had no intention of committing.  Only when the criminal design originates, not with the accused, but in the mind of government officers and the accused is by persuasion, deceitful representations, or inducement, lured into the commission of a criminal act, can a case of entrapment be made out. In short, there is a controlling distinction between inducing a person to do an unlawful act and setting a trap to catch him in the execution of a criminal design of his own concept.  The fact that the Yellowstone County sheriff's office afforded the opportunity or facility for the commission of the offense, does not come within the entrapment rule.  In this class of offenses, usually committed secretly, it is difficult if not almost impossible to secure the evidence necessary to convict by any other means than by the use of decoys.  Certainly, there can be no objection to their use if the officers do not by persuasion, deceitful representations or inducement, lure a person who otherwise would not be likely to break the law, into a criminal act. State v. Wong Hip Chung, 74 Mont. 523, 241 P. 620; State v. Parr, 129 Mont. 175, 283 P.2d 1086; 22 C.J.S. 137, §§ 45(1), 45(2), 45(4)."

The rationale of the Karathanos case applied in this case leads to the conclusion that there was no entrapment.  Here appellant was caught in the execution of his own criminal act. The Beaverhead County sheriff's office merely afforded the appellant the opportunity to commit the offense.

The final area of this appeal is the question of whether the State introduced sufficient evidence to overcome the presumption that appellant was entitled to a deferred imposition of sentence.

In denying appellant a deferred sentence, the district judge stated that: "Apparently your reputation is such that you have been engaged in this sort of thing for several years here". From the record there is no evidence to support this statement by the court. There was a hearsay statement in the report of the presentence investigation which was nothing more than a mere rumor. It was reported that someone at the college stated the appellant was engaged in the sale of dangerous drugs. There were also two affidavits, introduced over objection, which accused the appellant of prior dealings in drugs. Yet appellant had no opportunity to cross-examine the affiants or even determine if they were known to him.

These affidavits should not have been admitted or considered by the court. In allowing the admission of the affidavits the court stated: "This is not the trial of the case. It's simply a showing of the mitigation and aggravation of the offense charged, so the objections will be overruled and they [the affidavits] may be deemed read into evidence". It is true this was not a trial of the case, however it is also true that the rights of appellant must be protected. Due process must be observed in hearings of this nature. The appellant was denied his right to cross-examine these witnesses in this hearing. This Court realizes that a district judge must have some discretion in sentencing an offender, but the protection of the individual's guaranteed rights must come first. It is necessary that the rules of evidence be followed in these hearings, so that due process will be ensured.

To overcome this presumption of the deferred imposition of sentence, certain standards have been enumerated by this Court. In Campus v. State, 157 Mont. 321,/483 P.2d 275, we stated:

- 7 -

" * * * Since we still have these statutory presumptions, some confusion appears in what type of evidence is sufficient to overcome the presumption. First, we interpret it to mean that the record itself must disclose the evidence, as we held in <u>Simtob</u>. Second, the evidence may be contained either within or without the proof of the crime itself. Third, the aggravating circumstances should be some substantial evidence over and above the simple facts of a prima facie case. Finally, it is clear that this Court will require hearings and a record to disclose the aggravating evidence, if there be no express voluntary waiver as in this case."

Examining the instant case in the light of these standards, we find that they have not been met. First, the record does not disclose sufficient evidence to rebut the presumption. Second, there is no aggravating evidence contained within or without the proof of the crime itself. Third, there is no substantial evidence showing any aggravated circumstances over and above the facts of a prima facie case of a dangerous drug sale. Finally, though there was a hearing, the record does not disclose sufficient credible evidence of any aggravated circumstances.

Accordingly, the sentence of the district court is vacated; the appellant is ordered to return to the district court and this cause is remanded to the district court for imposition of a deferred sentence for such term, and subject to reasonable conditions of probation in the discretion of the sentencing judge.

_____
Associate Justice

We concur:

_____
Chief Justice

_____

_____

_____

- 8 -