No. 13030

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

ROBERT A. BURRIS,

Defendant and Appellant.

---

Appeal from: District Court of the Seventeenth Judicial District,
Honorable Thomas Dignan, Judge presiding.

Counsel of Record:

For Appellant:

Frank Altman, Havre, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Donald D. Cole, County Attorney, Malta, Montana

Submitted on the record

---

Submitted: September 23, 1975

Decided: OCT 17 1975

Filed: ⁣

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Defendant pled guilty before the district court, Phillips County, of criminal possession of dangerous drugs and appeals only from the sentence.

Defendant, after his plea of guilty, was convicted of the criminal possession of dangerous drugs (an amended charge of less than 60 grams of marihuana), a misdemeanor. The previous charge had been possession of approximately 129 grams of marihuana which was amended to the less than 60 grams, following defendant's withdrawal of a motion to suppress.

Prior to the entering of plea and the sentencing the trial judge had received and reviewed a presentence report favorable to defendant. It indicated that, other than some traffic violations, defendant had no prior criminal record. He was almost 19 years old and lived with his father. He was a graduate of Havre High School with an academic record of a "B" average. At the time of entering his plea of guilty, the trial judge made certain inquiries of defendant as to where he got the marihuana and defendant answered that it was left in his car by two hitchhikers who left his car when he stopped at a service station. This exchange occurred:

> "Q. Do you mean to tell me that they left you this marihuana in the car? A. Well, I went into Wiers Texaco.
>
> "Q. I'm just asking you—Do you expect me to believe that they walked off and left this marihuana in your car? A. I don't know what the deal is. I haven't seen them since.
>
> "Q. I know, but you are asking me to believe that they left this marihuana in the car, I take it. A. Yes, I am.
>
> "BY THE COURT: Well I don't believe you. The court is going to give you six months and a fine of $500.00 and I'll suspend the $600.00--or the six months, but you've got to pay the $500.00. You're going to learn. And that's because you stood up here and lied to me."

After the fine was paid defendant was released and this appeal followed.

The issue before this Court is whether under the provisions of section 54-133, R.C.M. 1947, the defendant, a person under the age of 21 years, upon his first conviction for possession of dangerous drugs is presumed to be entitled to a deferred sentence?

Two prior Montana cases must be considered controlling in this case. State v. Simtob, 154 Mont. 286, 292, 462 P.2d 873; Campus v. State, 157 Mont. 321, 327, 483 P.2d 275. In Simtob, speaking to the statutory presumption of section 54-133 for the first time, this Court said:

> " * * * we are dealing with a statutory presumption on sentencing that requires evidence to overcome before any discretion on the part of the sentencing judge is involved * * *."

The Court then went on to hold:

> " * * * Additionally, this Court has heretofore made it clear that the discretion of the sentencing judge must be based on his view of the evidence presented in open court showing circumstances in aggrevation or mitigation of punishment and may not be exercised on the basis of unsworn representation * * *."

In Campus this Court further clarified what it would take to overcome the presumption of a deferred sentence. There the Court stated:

> " * * * First, we interpret it to mean that the record itself must disclose the evidence, as we held in Simtob. Second, the evidence may be contained either within or without the proof of the crime itself. Third, the aggravating circumstances should be some substantial evidence over and above the simple facts of a prima facie case. Finally, it is clear that this Court will require hearings and a record to disclose the aggravating evidence, if there be no express voluntary waiver in this case. While these are general basic rules, necessarily we must determine the sufficiency of aggravation on a case-by-case basis." (Emphasis supplied.)

Taking the facts of the instant case and looking to the

- 3 -

criteria set forth in Campus, we must determine whether or not the trial judge's belief that the defendant lied to him when he asked where defendant got the marihuana, is the type of aggravating evidence as to remove the case from the presumption for the giving of a deferred sentence. We think not.

Here, there is nothing to indicate in the crime itself "aggravating circumstances". Further, no evidentiary hearing was held nor record made of such circumstances. We can understand and agree with the trial court's being disturbed when he believed, as he most certainly had a right to in this case, that defendant's testimony was less than candid. However, as was noted in Simtob, the legislature intended to give benefit to young violators so that their futures would not be destroyed or endangered by a drug conviction. Here we have a nearly 19 year old pleading guilty to his first offense. There is no evidence in the record indicating prior drug activities, (Simtob), nor does it appear that he brought it from a foreign country, (Campus). Defendant's lack of candor before the trial court was not, in our opinion, sufficient to classify it as one of those aggravating circumstances necessary to overcome the presumption of a deferred sentence.

Defendant was given a suspended sentence and a $500 fine. This sentence, though not requiring defendant's incarceration, remains a criminal conviction. State v. Drew, 158 Mont. 214, 217, 490 P.2d 230. Such a sentence would, under the circumstances, defeat the purpose of the deferred imposition of sentence. This Court in Drew said:

> "The passage of section 95-2207, R.C.M. 1947,
> demonstrates the intent of the legislature in
> regard to deferred imposition of sentence. If
> sentence were imposed or executed in any part,
> then the end advantage to the entire concept
> of the deferred sentence could not be attained
> and section 95-2207 would become inoperative."

Here, the deferred imposition of sentence will afford

- 4 -

defendant an opportunity to be free on good behavior for a stated period of time and at the end of such period he can move the court for permission to withdraw his guilty plea and have the charges against him dismissed.

Judgment of the district court is vacated and the cause remanded with directions to impose a deferred sentence.

_____
                              Justice

We concur:

_____
Chief Justice

_____

_____

----------------------------------
Justices

- 5 -

Mr. Justice Wesley Castles dissenting:

I dissent. Defendant's "lack of candor" as the majority opinion calls it, is an obvious outright lie and a sentencing judge should not be required to sit in a vacuum. The sentencing judge should be the sole judge of the veracity of the witness, in this case the defendant. I would affirm.

_Wesley Castles_
Justice