MR. JUSTICE HARRISON
delivered the opinion of the Court.
Defendant/appellant was convicted of aggravated assault, a felony, on January 20, 1982, in the Fifteenth Judicial District of the State of Montana, Daniels County, Montana. On February 18, 1982, the Court sentenced defendant to ten years in the Montana State Prison for the aggravated assault and ten years, with the last eight years suspended, under the enhancement statute. The trial court ordered that the terms run consecutively. Defendant appeals from this sentence.
Defendant was involved in a disturbance at a bar in Scobey, Montana, on October 23, 1981. While playing pool in *305 M-J’s Bar with his fiancee and a group of friends, defendant began arguing with Trygve Magelssen and a group of seismographers. After exchanging several vulgar comments the two groups moved their discussion outside the bar. From there each witness has a different explanation of what occurred next. The gist of the testimony is that after the two groups had gone outside, defendant walked across the street and obtained a Smith and Wesson, Model 59, from his pickup truck. Defendant then returned to the crowd with the gun exposed. Magelssen, defendant’s fiancee and defendant’s companions continued to exchange words on the street. After one particularly suggestive exchange between Magelssen and defendant’s fiancee, defendant fired one shot into the air. Defendant testified he then uncocked the pistol and placed it into his pocket. Magelssen and others testified defendant continued to point the gun at Magelssen’s head and upper body. Finally, Magelssen broke away from the crowd and walked to his motel, where he stopped an approaching police car and related the details of the incident to the police officer. Defendant’s group returned to the bar and defendant left shortly thereafter.
After a jury trial on January 20, 1982, defendant was found guilty of aggravated assault. The trial court set February 18, 1982, as the date for sentencing and ordered a presentence investigation. At approximately 8:30 a.m. on February 18, 1982, the Court provided a copy of the presentence investigation to counsel for the defense. The sentencing hearing began at 9:18 a.m. The presentence investigation contained a number of statements by witnesses whose names were ordered withheld from the defendant by the Court. The information included statements to the effect that:
1. The Scobey community is apprehensive of defendant and have voiced their concern.
2. The defendant threatened a bar owner in Scobey in the summer of 1980.
3. The defendant threatened one of the witnesses after the *306 trial.
4. The defendant physically abused his former wife and daughter.
5. The defendant was in possession of a concealed weapon during the last Court session because the sheriff had failed to search him.
6. The defendant threatened a Scobey Police Officer and his family.
Defendant objected to the Court’s consideration of these statements and further objected to the admission of a police report relating to an incident on October 17, 1974, where defendant pled guilty to misdemeanor assault. The Court overruled defendant’s objections and after allowing defendant to testify, entered judgment and sentenced defendant to ten years in prison for aggravated assault and ten years, with the last eight years suspended, under section 46-18-221(1), MCA, the enhancement statute. Defendant appeals.
The issue presented for review is whether the District Court erred by making findings of fact and conclusions of law and imposing sentence on the basis of private-out-of-Court information gathered by the presentence investigation officer where the defendant had no opportunity to cross-examine the persons who supplied the information.
Defendant argues the District Court erred by withholding some of the names of witnesses who supplied information to the presentence investigation officer. Defendant claims he has the right to confront and cross-examine all witnesses who provide negative information to the sentencing judge. We disagree.
Defendant cites a numer of cases and statutes which have since been overturned or repealed. The cases of State v. Harney (1972), 160 Mont. 55, 499 P.2d 802; State v. Simtob (1969), 154 Mont. 286, 462 P.2d 873; and Kuhl v. District Court of the First Judicial District (1961), 139 Mont. 536, 366 P.2d 347, all held a defendant has a right to a sentencing hearing in open Court. These cases were decided under *307 section 94-7814 R.C.M. 1947, which stated circumstances in aggravation or mitigation of sentence “. . . must be presented by testimony of witnesses examined in open Court. . .” However, this section was repealed by section 95-2205, R.C.M. 1947, now codified as section 46-18-113, MCA, which states:
“Availability of report to defendant and others. (1) The judge may, in his discretion, make the investigation report or parts of it available to the defendants or others, while concealing the identity of persons who provided confidential information. If the Court discloses the identity of persons who provided information, the judge may, in his discretion, allow the defendant to cross-examine those who rendered information. . .” (Emphasis supplied.)
Thus, the right of cross-examination at a presentence hearing is a discretionary matter of the trial court and will not be overruled without a showing of abuse of that discretion. In State v. Orsborn (1976), 170 Mont. 480, 555 P.2d 509, we stated:
“Such a change of policy is reflective of the trend towards distinguishing evidential procedure at trial from that at the sentencing stage. The United States Supreme Court in Williams v. New York, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337, 1342, stated:
“ ‘. . .a sentencing judge, however, is not confined to the narrow issue of guilt. This task within fixed limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant — if not essential — to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant’s life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence property applicable to the trial. . .’ (Emphasis supplied.)
“However, this does not mean that the spirit of Kuhl is *308 dead. A convicted defendant still has a due process guarantee against a sentence predicated on misinformation.” 170 Mont. at 485, 555 P.2d at 512.
In Orsborn we found the defendant’s guarantee of due process was protected because the defendant was represented by counsel at the time the sentencing information was made known to him, the defendant had the opportunity to rebut the information and the defendant chose to affirm the accuracy of the information. Here the defendant did have counsel present and had the opportunity to rebut the information although he chose to deny the accuracy of the information. Thus, we find defendant’s guaranty of due process was protected.
It is a general rule throughout this country that when matters contained in a presentence report are contested by the defendant, the defendant has an affirmative duty to present evidence showing the inaccuracies contained in the report. State v. Radi (1979), Mont., 604 P.2d 318, 36 St.Rep. 2345. Here the District Court did allow defendant to take the stand and reply to the statements contained in the presentence investigation report. If defendnat felt there was not enough time to acquire witnesses to adequately rebut the information contained in the report he should have requested a continuance from the Court. However, the record shows no such continuance was requested. This Court will not review a matter raised for the first time on appeal. Peters v. Newkirk (1981), Mont., 633 P.2d 1210, 38 St.Rep. 1526. That defendant did not have time to prepare to rebut the presentence investigation report was something which should have been put to the trial court and defendant’s failure to do so prevents any ruling by this Court to remedy the situation.
Judgment and sentence of the District Court is affirmed.
MR. JUSTICES DALY, SHEEHY and WEBER concur.