No. 82-457

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

SCOTT BOLT,

        Defendant and Appellant.

_____

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Lake, The Honorable
Jack L. Green, Judge presiding.

Counsel of Record:

    For Appellant:

        Christian, McCurdy & Wold; Donald K. Peterson,
        Polson, Montana

    For Respondent:

        Mike Greely, Attorney General, Helena, Montana
        John Frederick, County Attorney, Polson, Montana

_____

Submitted on Briefs: February 10, 1983

Decided: June 2, 1983

Filed: JUN 2 1983

*Ethel M. Harrison*

—————————————————————————
                  Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Defendant Bolt appeals from the order of the Fourth Judicial District Court, Lake County, imposing a sentence of one year in jail for criminal possession of dangerous drugs, a misdemeanor. We affirm.

The sole issue on appeal is whether, under the circumstances of this case, the defendant was entitled to a deferred imposition of sentence under section 45-9-102(5), MCA. That section provides:

> "A person of the age of 21 years or under convicted of a first violation under this section shall be presumed to be entitled to a deferred imposition of sentence."

Appellant was twenty years of age at the time he committed the drug-related misdemeanor offense. Less than one gram of hashish was found in his possession during a routine search following visiting hours at the Swan River Youth Forest Camp, where he was serving concurrent five-year sentences for two felonies committed earlier in 1982.

On July 13, 1982, appellant was charged by information with the crime of possession of dangerous drugs, a misdemeanor, as specified in section 45-9-102(1), MCA. Defense counsel was appointed, and appellant entered a plea of guilty on July 21, 1982. A presentence report dated August 2, 1982, concluded that "under 45-9-102 subsection (5), this defendant is presumed to be entitled to a deferred imposition of sentence regardless of the two prior felony convictions."

The District Court Judge initially followed the report's recommendation and deferred imposition of sentence for a period of three years, commencing when supervision of

appellant in prison or on parole ceased. After hearing argument on the county attorney's motion for reconsideration, the court vacated the deferred imposition of sentence on August 4, 1982, and ordered appellant to serve one year imprisonment in the Lake County jail upon his release from the state prison. The court concluded that the presumption of section 45-9-102(5), MCA, was overcome by defendant's prior felony convictions for burglary and criminal mischief.

Presumption is defined in Rule 301(b), Mont.R.Evid.:

> "A presumption is an assumption of fact that the law requires to be made from another fact or groups of facts . . ."

Presumptions are classified in Rule 301(b), Mont.R.Evid., in pertinent part:

> "(1) Conclusive presumptions are presumptions that are specifically declared conclusive by statute . . .
>
> "(2) All presumptions, other than conclusive presumptions, are disputable presumptions and may be controverted. A disputable presumption may be overcome by a preponderance of evidence contrary to the presumption. Unless the presumption is overcome, the trier of fact must find the assumed fact in accordance with the presumption."

Under the statute and the foregoing definition, defendant was entitled to a presumption of deferred imposition of sentence because he was twenty years old at the commission of his first offense involving dangerous drugs.

However, that presumption in favor of deferred sentencing is not conclusive. It is a disputable presumption which may be overcome by other evidence. State v. Simtob (1969), 154 Mont. 286, 291, 462 P.2d 873, 876.

The parties disagree as to the nature of evidence sufficient to overcome the presumption. Appellant contends

-3-

that the statutory language of section 45-9-102(5), MCA, "a first violation under this section," restricts the evidence that can be considered in rebutting the presumption to evidence surrounding the crime at issue or evidence of other offenses involving dangerous drugs. Respondent asserts that the presumption is to be weighed against all other evidence relevant to sentencing, and that the presumption remains subject to the sentencing procedures and criteria set forth in Title 46, Chapter 18, Parts 1 and 2, MCA.

The presumption in favor of deferred imposition of sentence for young violators "may be controverted by other evidence, but unless so contradicted the presumption controls." Campus v. State (1971), 157 Mont. 321, 326, 483 P.2d 275, 278, quoting Simtob, 154 Mont. at 291, 462 P.2d at 876. If the trial court finds that the presumption has not been overcome, then the court's discretion in sentencing a young offender is limited by the Dangerous Drug Act to deferring the imposition of sentence. State v. Drew (1971), 158 Mont. 214, 216-17, 490 P.2d 230, 232.

The question here is whether the sentencing judge abused his discretion in concluding that the statutory presumption was overcome by evidence that the young violator had a felony record and was incarcerated at the time he engaged in the subsequent drug-related criminal activity.

By enacting section 45-9-102(5), MCA [formerly section 54-133(5), R.C.M. 1947] the Legislature "intended to give benefit to young violators so that their futures would not be destroyed by a felony conviction." Simtob, 154 Mont. at 294, 462 P.2d at 877 (Harrison, J., dissenting). This benefit cannot be realized where the violator already has a

felony conviction record that will overshadow any prospective damage that might result from a first drug-related conviction.

In Campus v. State (1971), 157 Mont. 321, 327, 483 P.2d 275, 279, this Court enumerated four standards that must be met in order to overcome the statutory presumption in favor of deferred imposition of sentence:

> "First, we interpret it to mean that the record itself must disclose the evidence, as we held in Simtob. Second, the evidence may be contained either within or without the proof of the crime itself. Third, the aggravating circumstances should be some substantial evidence over and above the simple facts of a prima facie case. Finally, it is clear that this Court will require hearings and a record to disclose the aggravating evidence, if there be no express voluntary waiver as in this case."

First, we inquire "whether the record here discloses any facts to overcome the statutory presumption contained in the Dangerous Drug Act that defendant is entitled to a deferred imposition of sentence." Simtob, 154 Mont. at 291, 462 P.2d at 876. The record discloses that appellant was an inmate at the Swan River Youth Forest Camp at the time he engaged in the illicit drug activity and that his prior felony convictions related to two separate incidents of forced entry and vandalism. Neither of these facts was controverted. This evidence is disclosed from the record and is contained without proof of the crime itself. Thus, the first two standards from Campus are satisfied.

The next inquiry is whether these aggravating circumstances constitute substantial evidence over and above the simple facts of the prima facie case. A judge's belief that a defendant lacked candor in responding to questions from

the trial court is insufficient to classify it as one of those aggravating circumstances necessary to overcome the presumption for giving a deferred sentence. State v. Burris (1975), 168 Mont. 195, 198, 542 P.2d 1223, 1225. Nor are affidavits accusing the defendant of prior dealings in drugs adequate aggravating evidence. State v. Harney (1972), 160 Mont. 55, 62, 499 P.2d 802, 805-06. Here, unlike in Burris and Harney, the aggravating evidence of defendant's incarceration at the time of the offense and his prior felony convictions constitute substantial evidence over and above the simple facts of a prima facie case of possession of dangerous drugs.

Last, the appellant had opportunity to rebut the aggravating evidence contained in the parole officer's presentence report at the sentencing hearing and at the hearing on respondent's motion for reconsideration. He failed to do so.

All four Campus criteria have been met. We do not hold that the rebutting evidence should be restricted to evidence relating to drug activities. Neither the statutory language nor the case law contains such a restriction. This is a case of a convicted felon engaging in subsequent criminal conduct during confinement. The District Court did not abuse its discretion in determining that these circumstances warranted imposition of sentence.

For the foregoing reasons, the sentence is affirmed.

_____
Justice

-6-

We concur:

_John Conway Harrison_

_Daniel J. Shea_

_Frank I. Morrison Jr._

_John C. Sheehy_
Justice