No. 82-111

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

RONALD MARVIN TRANGSRUD,

Defendant and Appellant.

---

Appeal from: District Court of the Fifteenth Judicial District
In and for the County of Daniels
Honorable Leonard H. Langen, Judge presiding.

Counsel of Record:

For Appellant:

Allen Beck, Billings, Montana

For Respondent:

Honorable Mike Greely, Attorney General, Helena, Montana
M. J. Traynor, County Attorney, Scobey, Montana

---

Submitted on briefs: August 12, 1982

Decided: September 22, 1982

Filed: SEP 22 1982

Thomas J. Kearney
_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Defendant/appellant was convicted of aggravated assault, a felony, on January 20, 1982, in the Fifteenth Judicial District of the State of Montana, Daniels County, Montana. On February 18, 1982, the court sentenced defendant to ten years in the Montana State Prison for the aggravated assault and ten years, with the last eight years suspended, under the enhancement statute. The trial court ordered that the terms run consecutively. Defendant appeals from this sentence.

Defendant was involved in a disturbance at a bar in Scobey, Montana, on October 23, 1981. While playing pool in M-J's Bar with his fiancee and a group of friends, defendant began arguing with Trygve Magelssen and a group of seismographers. After exchanging several vulgar comments the two groups moved their discussion outside the bar. From there each witness has a different explanation of what occurred next. The gist of the testimony is that after the two groups had gone outside, defendant walked across the street and obtained a Smith and Wesson, Model 59, from his pickup truck. Defendant then returned to the crowd with the gun exposed. Magelssen, defendant's fiancee and defendant's companions continued to exchange words on the street. After one particularly suggestive exchange between Magelssen and defendant's financee, defendent fired one shot into the air. Defendant testified he then uncocked the pistol and placed it into his pocket. Magelssen and others testified defendant continued to point the gun at Magelssen's head and upper body. Finally, Magelssen broke away from the crowd and walked to his motel, where he stopped an approaching police car and related the details of the incident to the police officer. Defendant's group returned to the bar and defendant left shortly thereafter.

After a jury trial on January 20, 1982, defendant was found guilty of aggravated assault. The trial court set February 18, 1982, as the date for sentencing and ordered a presentence investigation. At approximately 8:30 a.m. on February 18, 1982,

the court provided a copy of the presentence investigation to counsel for the defense. The sentencing hearing began at 9:18 a.m. The presentence investigation contained a number of statements by witnesses whose names were ordered withheld from the defendant by the court. The information included statements to the effect that:

1. The Scobey community is apprehensive of defendant and have voiced their concern.

2. The defendant threatened a bar owner in Scobey in the summer of 1980.

3. The defendant threatened one of the witnesses after the trial.

4. The defendant physically abused his former wife and daughter.

5. The defendant was in possession of a concealed weapon during the last court session because the sheriff had failed to search him.

6. The defendant threatened a Scobey Police Officer and his family.

Defendant objected to the court's consideration of these statements and further objected to the admission of a police report relating to an incident on October 17, 1974, where defendant pled guilty to misdemeanor assault. The court overruled defendant's objections and after allowing defendant to testify, entered judgment and sentenced defendant to ten years in prison for aggravated assault and ten years, with the last eights years suspended, under section 46-18-221(1), MCA, the enhancement statute. Defendant appeals.

The issue presented for review is whether the District Court erred by making findings of fact and conclusions of law and imposing sentence on the basis of private out-of-court information gathered by the presentence investigation officer where the defendant had no opportunity to cross-examine the persons who supplied the information.

Defendant argues the District Court erred by withholding some of the names of witnesses who supplied information to the presentence investigation officer. Defendant claims he has the right to confront and cross-examine all witnesses who provide negative information to the sentencing judge. We disagree.

Defendant cites a number of cases and statutes which have since been overturned or repealed. The cases of State v. Harney (1972), 160 Mont. 55, 499 P.2d 802; State v. Sintob (1969), 154 Mont. 286, 462 P.2d 873; and Kuhl v. District Court of the First Judicial District (1961), 139 Mont. 536, 366 P.2d 347, all held a defendant has a right to a sentencing hearing in open court. These cases were decided under section 94-7814 R.C.M. 1947, which stated circumstances in aggravation or mitigation of sentence ". . . must be presented by testimony of witnesses examined in open court . . ." However, this section was repealed by section 95-2205, R.C.M. 1947, now codified as section 46-18-113, MCA, which states:

> "Availability of report to defendant and others. (1) The judge may, in his discretion, make the investigation report or parts of it available to the defendants or others, while concealing the identity of persons who provided confidential information. If the court discloses the identity of persons who provided information, the judge may, in his discretion, allow the defendant to cross-examine those who rendered information . . ." (Emphasis supplied.)

Thus, the right of cross-examination at a presentence hearing is a discretionary matter of the trial court and will not be overruled without a showing of abuse of that discretion. In State v. Orsborn (1976), 170 Mont. 480, 555 P.2d 509, we stated:

> "Such a change of policy is reflective of the trend towards distinguishing evidential procedure at trial from that at the sentencing stage. The United States Supreme Court in Williams v. New York, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337, 1342, stated:
>
> "'. . . a sentencing judge, however, is not confined to the narrow issue of guilt. His task within fixed limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant - if not essential - to his selection of an appropriate sentence is the possession of the

> fullest information possible concerning the
> defendant's life and characteristics. And
> modern concepts individualizing punishment
> have made it all the more necessary that a
> sentencing judge not be denied an opportunity
> to obtain pertinent information by a require-
> ment of rigid adherence to restrictive rules
> of evidence property applicable to the trial
> . . .' (Emphasis supplied.)

> "However, this does not mean that the spirit
> of Kuhl is dead. A convicted defendant still
> has a due process guarantee against a sentence
> predicated on misinformation." 170 Mont. at
> 485, 555 P.2d at 512.

In Orsborn we found the defendant's guarantee of due process was protected because the defendant was represented by counsel at the time the sentencing information was made known to him, the defendant had the opportunity to rebut the information and the defendant chose to affirm the accuracy of the information. Here the defendant did have counsel present and had the opportunity to rebut the information although he chose to deny the accuracy of the information. Thus, we find defendant's guaranty of due process was protected.

It is a general rule throughout this country that when matters contained in a presentence report are contested by the defendant, the defendant has an affirmative duty to present evidence showing the inaccuracies contained in the report. State v. Radi (1979), ____ Mont. ____, 604 P.2d 318, 36 St.Rep. 2345. Here the District Court did allow defendant to take the stand and reply to the statements contained in the presentence investigation report. If defendant felt there was not enough time to acquire witnesses to adequately rebut the information contained in the report he should have requested a continuance from the court. However, the record shows no such continuance was requested. This Court will not review a matter raised for the first time on appeal. Peters v. Newkirk (1981), ____ Mont. ____, 633 P.2d 1210, 38 St.Rep. 1526. That defendant did not have time to prepare to rebut the presentence investigation report was something which should have been put to the trial court and defendant's failure to do so prevents any ruling by this Court to

remedy the situation.

Judgment and sentence of the District Court is affirmed.

_____
Justice

We concur:

_____

_____

_____
Justices

- 6 -

Mr. Justice Daniel J. Shea dissenting.

I dissent.

A defendant is as much entitled to due process in sentencing as he is at trial, and he has been denied that due process here. Here, defendant, as majority states, denied the accuracy of the information which found its way into the presentence investigation report. But, the fact that he denied the information does not demonstrate that he was given due process. He could only have been given due process by a process which gave him opportunity to test the accuracy of the information given. If the District Court relied in any way on this information in imposing the sentence, defendant has been prejudiced. That prejudice can only be cured by giving him an opportunity to directly confront those whose names were secreted from defendant by the trial court. Where names are not disclosed in a presentence investigation report, and the trial court does not give the defendant an opportunity to rebut all the evidence disclosed, a presumption of the prejudice arises which can only be cured by another sentencing hearing with adequate procedural safeguads.

I dissent for yet another reason -- a ground not raised by defendant. Defendant has been subjected to double jeopardy by the imposition of the aggravated assault "with a weapon" sentence and the further imposition of a sentence for use of a firearm or dangerous instrument in committing a crime. In effect, defendant has been twice punished for the same act -- the use of a weapon.

Defendant was charged under section 45-5-202(1)(c) of the aggravated assault statute which states: "A person commits the offense of aggravated assault if he purposely or knowingly causes: (c) reasonable apprehension of serious bodily injury in another by use of a weapon . . ." Use of a weapon is the essence of this section -- if no weapon was used there can be no aggravated assault. Instead, the charge would be a misdemeanor. The misdemeanor assault statute, section 45-5-201(1)(d) provides: A person commits the offense of assault if he: (d) purposely or

- 7 -

knowingly causes reasonable apprehension of <u>bodily</u> injury in another . . ." It is clear, therefore, that the act to be punished, because of its potential for harm, is the use of a weapon. Here the trial court punished the defendant for the use of the weapon by sentencing him to ten years in prison.

But the trial court then invoked another statute and gave the defendant a second ten-year sentence to run consecutively to the first ten-year sentence. Eight years of the second sentence were suspended, which resulted in a twelve-year prison sentence. Section 46-18-221(1) provides:

> "A person who has been found guilty of any offense and who, while engaged in the commission of the offense, knowingly displayed, brandished, or otherwise used a firearm, destructive device, as defined in 45-8-332(1), or other dangerous weapon, <u>shall, in addition to the punishment provided for the commission of such offense, be sentenced to a term of imprisonment in the state prison of not less than two years or more than ten years . . ."</u> (Emphasis added)

In filing the charges the state put the defendant on notice that it would invoke section 46-18-221 in the event of a conviction. The information alleged in part: "The maximum sentence for said offense is twenty (20) years plus an additional sentence of two years minimum and not to exceed ten years maximum for use of a firearm." Defendant's counsel, however, after defendant's conviction, raised no issue with respect to imposition of an additional sentence for use of a firearm or other dangerous instrument. The effect is that defendant has been sentenced under the aggravated assault statute for use of a firearm, and he has again been punished under section 46-18-221(1), MCA, for use of a firearm. That -- is double jeopardy.

The jury could not have convicted defendant of aggravated assault unless it found that he had used a weapon (a firearm here) to place the victim in reasonable apprehension of serious bodily injury. Conviction of that charge came about because defendant used a weapon. The trial court sentenced defendant to ten years because he used a weapon. I fail to see, however, that

the court could impose a penalty on top of this penalty -- for use of a weapon. The undeniable fact is that if defendant had not used a weapon (a firearm here) he could not have been convicted of aggravated assault. Defendant has been subjected to a double penalty for the same act -- pointing a weapon (a firearm) at another. This double penalty for the same act, violates the double jeopardy provisions of the United States and Montana Constitutions.

I would strike the additonal penalty imposed under section 46-18-221. The additional penalty, as applied to the facts of this case, is unconstitutional.

Daniel J. Shea
Justice